PEOPLE v APGAR

Docket No. 247544. Submitted September 15, 2004, at Detroit. Decided
November 9, 2004, at 9:05 a.m. Leave to appeal sought.

Michael S. Apgar was convicted by a jury in the Wayne Circuit Court
of criminal sexual conduct in the third degree (CSC III) for sexual
penetration of a victim who was at least thirteen, but less than
sixteen, years of age. The information against the defendant had
charged him with two counts of criminal sexual conduct in the first
degree (CSC I), with one count alleging that he was armed with a
weapon or an object that the victim believed was a weapon and the
other count alleging that he was aided or abetted by two persons
and used force or coercion to accomplish sexual penetration. After
jury selection, but before trial commenced, the court, James R.
Chylinski, J., had denied a motion by the prosecution to amend the
information to add a count of CSC III. The court subsequently
instructed the jury on CSC III as a lesser offense of the charged
CSC I. The defendant appealed to challenge his conviction and the
scoring of several offense variables for his sentence of fifty months
to fifteen years of imprisonment.

The Court of Appeals *held*:

1. Although the defendant was convicted of an uncharged
crime, the defendant was not deprived of due process because all
the elements of the uncharged crime were proved at the prelimi-
nary examination and trial without objection, providing the defen-
dant with adequate notice.

2. The trial court correctly scored the offense variables that
the defendant challenged on appeal.

Affirmed.

GAGE, J., stated that MCL 768.32(1)—which provides that upon
indictment for an offense consisting of different degrees, as
prescribed in chapter VIII of the Code of Criminal Procedure, the
jury, or the judge in a trial without a jury, may find the accused not
guilty of the offense in the degree charged in the indictment and
may find the accused person guilty of a degree of that offense
inferior to that charged in the indictment, or of an attempt to
commit that offense—only permits instructions on necessarily

included lesser offenses, not cognate lesser offenses. *People v Cornell,* 466 Mich 335 (2002). A necessarily included lesser offense is an offense in which all its elements are included in the elements of the greater offense such that it would be impossible to commit the greater offense without first having committed the lesser offense. A cognate lesser offense shares several of the same elements and same class or category as the greater offense but contains some elements distinct from the greater offense. In this case, the CSC III offense of which the defendant was convicted was a cognate lesser offense, not a necessarily included lesser offense, of either of the CSC I offenses charged in the information. Although the defendant was convicted of an uncharged crime, the defendant was not deprived of due process because all the elements of the uncharged crime were proved at the preliminary examination and trial without objection, providing the defendant with adequate notice.

The trial court correctly scored the offense variables (OV) that the defendant challenged on appeal. The score of five points for OV 3, bodily injury not requiring medical treatment, MCL 777.33(1)(e), was supported by evidence of a homemade tattoo put on the victim, a bruise to her buttock, and irritation and redness to her genitals. The score of ten points for OV 4, serious psychological injury that may require professional treatment, MCL 777.34(2), was supported by the victim's testimony that she was fearful during the encounter with the defendant. The score of fifteen points for OV 8, transporting the victim to another place or situation of greater danger or holding the victim captive beyond the time necessary to commit the offense, MCL 777.38(1)(a), was supported by evidence that the victim was transported from one city to another, where she was sexually assaulted. The score of fifteen points for OV 10, predatory conduct, MCL 777.40(1)(a), was supported by evidence that the victim was driven around for hours, forced to smoke marijuana, and taken to a house in another city, where she was sexually assaulted. Finally, the score of ten points for OV 14, the defendant's role as a leader in a multiple offender situation, MCL 777.44(1)(a), was supported by evidence that the defendant was the first to have sexual contact with the victim, had the most sexual contact with her, was the oldest of the offenders, and tested as the source of semen found on the victim.

O'CONNELL, J., concurring, stated that the decision in *People v Cornell* conflicts with the plain and historic readings of MCL 768.32(1) and should be revised by the Supreme Court. CSC III is an inferior offense to CSC I. Thus, even if the prosecution does not

include CSC III in a criminal information, the trial court may instruct the jury, and the jury may convict, on CSC III.

MURPHY, P.J., concurring in part and dissenting in part stated that he concurred that the CSC III in this case is not a necessarily included lesser offense, but is a cognate lesser offense, so the instruction for CSC III should not have been given for jury consideration. He dissented because the Court is not permitted to affirm a conviction on the basis that, because all elements were proven by evidence admitted without objection, the defendant had adequate notice. Once the trial court denied the request to amend the information, the case proceeded to trial and was subject to the requirements of MCL 768.32(1). The Supreme Court's ruling in *People v Cornell*, 466 Mich 335 (2002), requires a reversal in this case.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael E. Duggan*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Valerie M. Steer*, Assistant Prosecuting Attorney, for the people.

*Suzanna Kostovski* for the defendant.

Before: MURPHY, P.J., and O'CONNELL and GAGE, JJ.

GAGE, J. Defendant appeals as of right his jury trial conviction of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a) (sexual penetration with a person at least thirteen years of age and under sixteen years of age). The trial court sentenced defendant to fifty months to fifteen years in prison. We affirm.

## I. FACTS AND PROCEDURE

The victim in this case is a thirteen-year-old girl. Defendant lived with the family of the victim's friend in Dearborn. At her friend's house, the victim willingly got into a car alone with defendant and his two friends because they invited her to go to "the store" with them. The victim testified that they drove around for several

hours while she was forced to smoke marijuana because a sharp knife-like object was pressed against her neck. They arrived at a home in Hamtramck. The victim did not attempt to escape because she did not know her whereabouts.

Defendant took the victim into an empty bedroom where they engaged in sexual intercourse. The victim testified that defendant had placed the knife-like object to her throat and threatened to kill her if she did not do as he said. The victim claimed in addition that both of defendant's friends forced her to perform oral sex by threatening her with the same knife-life object. The victim also alleged that one of defendant's friends burned a homemade tattoo onto her chest before forcing her to perform oral sex. The victim was dropped off at or near her home after midnight, and she told her grandmother that she had been raped.

At the hospital, the victim underwent an examination, and a rape test was administered. The victim sustained a small bruise to her right buttock and irritation and redness to her vaginal opening, which was consistent with forcible sexual assault. The victim's vaginal area tested positive for semen, and a DNA test revealed that it matched defendant's types. From the carpet in the bedroom of the Hamtramck house, the police recovered three semen stains that matched the DNA types of defendant and his two friends.

Defendant was originally charged with one count of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(e) (person armed with a weapon or an object that the victim believes is a weapon), and one count of CSC I, MCL 750.520b(1)(d) (ii) (person is aided or abetted by one or more other persons and uses force or coercion to accomplish the sexual penetration). After the jury was selected, the prosecutor orally moved to

amend the felony information to include a charge of
CSC III, MCL 750.520d(1)(a). The prosecutor argued
that it was necessary to amend the felony information
under *People v Cornell*, 466 Mich 335; 646 NW2d 127
(2002), because CSC III under MCL 750.520d(1)(a) is
not a necessarily lesser included offense of CSC I under
either MCL 750.520b(1)(d) or (1)(e). The trial court
denied the prosecutor's request to amend the informa-
tion as follows:

> *The Court:* . . . I am not amending any information two
> minutes before we swear the jury in.
>
> So, I mean, that's the ruling.
>
> It's latches, or whatever you want to call it, you guys
> [the prosecution] had a full opportunity, not you, but
> anybody in your office had an opportunity to do this at an
> earlier time.
>
> The defense is here, ready to go to trial.
>
> Your motion to amend the information is denied.
>
> Okay?
>
> *The Prosecutor:* But the Court is willing to give the
> lesser. There's no—
>
> *The Court:* Well, the lessers [sic] is something different,
> you know.
>
> But I'm not amending anything.

Over defense counsel's objection, the trial court subse-
quently provided a jury instruction on CSC III, and the
jury convicted defendant on that charge.

### II. AMENDING FELONY INFORMATION

Defendant first argues that the trial court erred by
permitting the prosecution to amend the felony infor-
mation to include a charge of CSC III and providing the
corresponding jury instruction. Because the trial court

actually denied the prosecution's request to amend the information, we find that defendant has framed the issue incorrectly. Rather, the question is whether the trial court erred in instructing the jury on CSC III as a necessarily included lesser offense of CSC I as charged. We review de novo claims of instructional error and determinations whether an offense is a necessarily included lesser offense. *People v Mendoza*, 468 Mich 527, 531; 664 NW2d 685 (2003); *People v Lowery*, 258 Mich App 167, 173; 673 NW2d 107 (2003).

MCL 768.32(1) provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

MCL 768.32(1) "only permits instructions on necessarily included lesser offenses, not cognate lesser offenses." *People v Reese*, 466 Mich 440, 446; 647 NW2d 498 (2002); *Cornell, supra* at 356. A necessarily included lesser offense is an offense in which all its elements are included in the elements of the greater offense such that it would be impossible to commit the greater offense without first having committed the lesser offense. *Mendoza, supra* at 532; *People v Bearss*, 463 Mich 623, 627; 625 NW2d 10 (2001). A cognate lesser offense shares several of the same elements and same class or category as the greater offense but contains some elements distinct from the greater offense. *Mendoza, supra* at 532 n 4; *Bearss, supra* at 627. A requested instruction on a necessarily included lesser offense is appropriate "if the charged greater offense requires the jury to find a disputed factual element that is not part

of the lesser included offense and a rational view of the evidence would support it." *Cornell, supra* at 357. The *Cornell* Court concluded that, pursuant to MCL 768.32, instructions on cognate lesser offenses are impermissible because they do not provide a defendant with adequate notice that he might be charged with the lesser offense. *Cornell, supra* at 353-355, 359; *Bearss, supra* at 628-629.

Defendant was charged with one count of CSC I perpetuated by one who is armed with a weapon or an instrument that the victim reasonably believes is a weapon, and a second count of CSC I perpetuated by one who is aided or abetted by one or more other persons, and the offender uses force or coercion to accomplish the act of sexual penetration. MCL 750.520b(1)(d) (ii) (e). The jury convicted defendant of CSC III, sexual penetration of another person at least thirteen years of age and under the age of sixteen, MCL 750.520d(1)(a). Neither of the charged counts of CSC I includes the element of the victim's age. Thus, it is possible to commit CSC I under MCL 750.520b(1)(d) or (1)(e) without committing the uncharged offense of CSC III, MCL 750.520d(1)(a). Accordingly, under *Cornell* CSC III, MCL 750.520d(1)(a), is not a necessarily included lesser offense of CSC I, MCL 750.520b(1)(d) or (1)(e). Because both offenses require the act of sexual penetration and are of the same category of crimes, CSC III is a cognate lesser offense of CSC I as applied to this case. Although defendant was convicted of an uncharged crime, we conclude that defendant was not deprived of due process because all the elements of the uncharged crime were proved at the preliminary examination and trial without objection, providing defendant adequate notice. *Cornell, supra* at 353-355; *Bearss, supra* at 628-629; *People v Hunt,* 442 Mich 359, 362; 501 NW2d 151 (1993).

The right to a preliminary examination is a statutory, not constitutional, requirement. *Hunt, supra* at 362. The defendant in *Hunt* was charged with gross indecency between males, and, after the preliminary examination, the prosecutor sought to amend the felony information to charge second-degree criminal sexual conduct (CSC II). The Court considered that the complaining witness's testimony at the preliminary examination met the prosecutor's burden and supported the greater charge. *Id.* at 364. The Court concluded that the elements of both offenses had been shown, and the defendant did not suggest anything that his attorney would have done differently if the defendant had originally been charged with CSC II. Because the defendant was not prejudiced by unfair surprise, inadequate notice, or insufficient opportunity to defend against the accusations, the Court concluded that it was proper to remand for amendment of the information to charge CSC II.

Like the situation in *Hunt*, the victim's testimony at preliminary examination and trial supports a CSC III charge because she testified about her age and the sexual encounter with defendant. Defendant was not prejudiced by unfair surprise, and defendant had adequate notice that he might be charged with CSC III. It is clear under *Hunt* that defendant may be tried on the CSC III charge without a preliminary examination. Moreover, CSC III is part of the same statutory scheme and was unquestionably drafted as a lesser or inferior offense to the charged crime. We conclude that defendant's due process rights are not implicated by the CSC III jury instruction because all elements were proven, and such evidence was admitted without objection. In this respect, we distinguish *Cornell* because of the unique facts presented. CSC III, MCL 750.520d(1)(a), is a strict liability offense, *People v Cash,* 419 Mich 230,

242; 351 NW2d 822 (1984), and defendant has not been denied the opportunity to defend against the accusations.

### III. SENTENCING

Defendant also alleges several errors in the trial court's scoring of the offense variables of the sentencing guidelines. We review a trial court's scoring decision for an abuse of discretion to determine whether the evidence adequately supports a particular score. *People v Hornsby*, 251 Mich App 462, 468; 650 NW2d 700 (2002).

Defendant first challenges the scoring of offense variable (OV) 3 at five points for bodily injury to the victim not requiring medical treatment. MCL 777.33(1)(e). There was medical evidence that the victim received a homemade tattoo and sustained a small bruise to her right buttock and irritation and redness to her vaginal opening. Regardless of whether the jury believed that the sexual intercourse was forced or consensual, there was sufficient evidence of injury to support the trial court's decision to score OV 3 at five points.

Defendant next challenges the scoring of OV 4 at ten points for serious psychological injury to the victim that "*may* require professional treatment." MCL 777.34(2) (emphasis added). There is no requirement that the victim actually receive psychological treatment. Because the victim testified that she was fearful during the encounter with defendant, we find that the evidence presented was sufficient to support the trial court's decision to score OV 4 at ten points.

Defendant challenges the scoring of OV 8 at fifteen points for transporting the victim to another place or situation of greater danger or holding the victim captive

beyond the time necessary to commit the offense. MCL 777.38(1)(a). Although the jury found that there was no use of force, the victim was transported from her friend's house in Dearborn to an unfamiliar house in Hamtramck, where she was involved in sexual encounters with three men she barely knew. We conclude that this evidence supported the trial court's scoring of OV 8 at fifteen points.

Defendant also challenges the scoring of OV 10 at fifteen points for predatory conduct, asserting that sexual contact with an underage person always involves the victim's vulnerability. MCL 777.40(1)(a). Both the timing and the location of an assault are factors of predatory conduct before the offense, which conduct includes watching a victim and waiting for any chance to be alone with her at a separate location. *People v Witherspoon*, 257 Mich App 329, 336; 670 NW2d 434 (2003). The victim testified that, although defendant and his two friends invited the victim to accompany them to the store, they drove around for at least two hours, forcing the victim to smoke marijuana. Moreover, the victim claimed that defendant led her to an unfurnished bedroom in the Hamtramck house, shut the door, and forced her to smoke more marijuana before engaging in sexual contact. We therefore conclude that there was sufficient evidence to support the trial court's scoring of OV 10 at fifteen points.

Finally, defendant challenges the scoring of OV 14 at ten points for defendant's role as a leader in a multiple offender situation. MCL 777.44(1)(a). We view the entire criminal episode when determining if an offender was a leader in a multiple offender situation. MCL 777.44(2)(a); *People v Johnson,* 202 Mich App 281, 289-290; 508 NW2d 509 (1993). Defendant was the first

to have sexual contact with the victim, and he had the most sexual contact with her. He was the oldest of the offenders, and only his DNA types matched the semen found in the victim's vaginal area. Although defendant was not the one driving the vehicle, we conclude that there was sufficient evidence that he led the group in the sexual contact. Therefore, the trial court's scoring of OV 14 at ten points was proper. Because there was adequate evidence to support the trial court's calculation of each of the challenged offense variables, we conclude that the trial court did not abuse its discretion and defendant is not entitled to resentencing.

Affirmed.

O'CONNELL, J. (*concurring*). I concur with the Judge GAGE's opinion. I write separately to say that the Supreme Court should reevaluate its decision in *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002).

*Cornell* conflicts with the plain and historic[1] reading of MCL 768.32(1), which provides that,

---

[1] *Cornell, supra* at 341, quoting *Hanna v People*, 19 Mich 316, 320-321 (1869), states,

A version of MCL 768.32 has been in existence since 1846. 1846 RS, ch 16 [161], § 16 provided:

"[U]pon an indictment for any offense, consisting of different degrees, as prescribed in this title, the jury may find the accused not guilty of the offense in the degree charged in the indictment, and may find such accused person guilty of any degree of such offense, inferior to that charged in the indictment, or of an attempt to commit such offense."

Since 1846, Michigan law has permitted the jury to find an accused not guilty of the offense in the degree charged in the indictment and, at the same time, permitted the jury to find the accused person guilty of any degree of such offense inferior to that charged in the indictment. The facts in *Cornell* did not address a lesser degree of the same offense. This is why the facts of this case are distinguishable from *Cornell*.

upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

The statute's plain language demonstrates that in cases involving third-degree criminal sexual conduct (CSC III) and first-degree criminal sexual conduct (CSC I), CSC III is an "inferior" offense to CSC I. Therefore, according to MCL 768.32(1), the trial court may instruct and convict on CSC III even if the prosecutor does not include it in his indictment for CSC I. Under *Cornell's* reasoning, however, it would not qualify as an "inferior" offense because it does not conform with the federal understanding of what constitutes a "lesser included offense." *Cornell, supra* at 356 n 9. I believe that the plain, unambiguous language of the Michigan statute should control. *People v Barbee*, 470 Mich 283, 286; 681 NW2d 348 (2004). Moreover, it has always been the practice of trial judges to instruct on "inferior" offenses if the facts elicited at trial support the lesser charge. I would ask the Supreme Court to grant leave and reevaluate its decision in *Cornell*.

MURPHY, P.J. (*concurring in part and dissenting in part*). I respectfully concur in part and dissent in part. I

---

While *Cornell* did address cognate lesser offenses that were not degreed offenses, in my opinion it did not change the law that has been in existence since 1846. In fact, in *Cornell, supra* at 347, the Court, referring to MCL 768.32, stated that "the statute did not leave the jury free to convict for any felony or misdemeanor: only degrees or an attempt of the offense charged could be considered." Therefore, this language leads me to conclude that the Supreme Court intended to leave in place the statute's plain, historic application to degreed offenses, just as the Legislature originally intended.

agree that *People v Cornell,* 466 Mich 335; 646 NW2d
127 (2002), and its interpretation of MCL 768.32(1),
dictate that third-degree criminal sexual conduct
(CSC-III), as prosecuted here under the subsection
regarding thirteen- through fifteen-year-olds, MCL
750.520d(1)(a), is not a necessarily included lesser
offense of first-degree criminal sexual conduct (CSC-
I), MCL 750.520b(1)(d) or (1)(e), rather it is a cognate
lesser offense, and thus should not have been pre-
sented to the jury for consideration. I disagree with the
proposition that we are nonetheless permitted to af-
firm the conviction on the basis that defendant's due
process rights were not infringed when the jury was
instructed on CSC-III because defendant had suffi-
cient notice and all elements of the crime were proven
by evidence that was admitted without objection.
Although I am troubled by the outcome that, in my
opinion, must be reached in this case, our Supreme
Court's ruling in *Cornell* and its progeny require
reversal.

"MCL 768.32(1) only permits instructions on neces-
sarily included lesser offenses, not cognate lesser of-
fenses." *People v Reese,* 466 Mich 440, 446; 647 NW2d
498 (2002), citing *Cornell, supra* at 357; see also *People
v Mendoza,* 468 Mich 527, 533; 664 NW2d 685 (2003);
*People v Lowery,* 258 Mich App 167, 173; 673 NW2d 107
(2003)("Instructions on cognate lesser offenses are not
permitted[.]"). Even with a necessarily included lesser
offense, an instruction cannot be given unless a rational
view of the evidence would support the instruction.
*Mendoza, supra* at 533, 545; *Reese, supra* at 446;
*Cornell, supra* at 357.

None of the cases cited above supports the position
that a cognate lesser offense instruction may still be
permissible or allowed to stand if due process rights are
not offended and there exists evidence to support a

finding of guilt for the cognate lesser offense. If such were the case, the Supreme Court would not have undergone such extensive analysis distinguishing between necessarily included lesser offenses and cognate lesser offenses in cases such as *Cornell* and *Mendoza.* For example, in *Mendoza,* the Court spent considerable time and effort in determining that manslaughter is a necessarily included lesser offense of murder. *Mendoza, supra* at 533-544. This conclusion permitted the Court to move on to the question whether a rational view of the evidence supported an involuntary-manslaughter instruction, with an ultimate finding that the evidence did not support a manslaughter instruction. *Id.* at 544-548.

If due process and evidentiary support permit the affirmance of a guilty verdict that was premised on a cognate lesser offense instruction, one questions why the *Mendoza* Court did not simply sidestep the analysis delineating manslaughter from murder and conclude that, irrespective of whether manslaughter is a cognate lesser offense or a necessarily included lesser offense, there was insufficient evidence to support a manslaughter instruction. It did not undertake such an approach because the distinction between cognate lesser offenses and necessarily included lesser offenses has meaning for the purposes of MCL 768.32(1). A court does not reach the issue whether a rational view of the evidence supports an instruction unless and until a finding has been made that a necessarily included lesser offense is at issue. Concisely stated, "[i]nstructions on cognate lesser offenses are not permitted[.]" *Lowery, supra* at 173. The lead author here, in effect, obliterates the line drawn by our Supreme Court between cognate and necessarily included offenses. A court cannot examine the evidence and matters of due process if a cognate lesser offense is at issue.

MCL 768.32(1) provides:

> [U]pon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

Taking into consideration the Michigan Supreme Court's construction of the statute, a jury or judge can find a person guilty of CSC-I, or necessarily included lesser offenses of CSC-I, but the trier of fact is not permitted to find a person guilty of a cognate lesser offense as in the case before us today. Without a CSC-III instruction, which was precluded by law, there would have been no conviction.

The reliance of the lead opinion author on *People v Hunt*, 442 Mich 359; 501 NW2d 151 (1993), is misplaced. In *Hunt*, the issue was whether "the district judge who presided over the defendant's preliminary examination erred in denying the prosecutor's motion to amend count II to charge third-degree criminal sexual conduct, instead of gross indecency between males." *Id.* at 360. Our Supreme Court held that there were sufficient proofs presented at the preliminary examination to support a bindover of the defendant on either charge and that the amendment would not have caused prejudice because of unfair surprise, inadequate notice, or insufficient opportunity to defend. *Id.* at 363-365. The Court directed the district court, on motion of the prosecutor, to amend the charge on remand. *Id.* at 365.

*Hunt* was not decided in the context of a trial and jury instructions, and it did not implicate in any manner MCL 768.32(1). Rather, it merely addressed the

ability of a prosecutor to amend the information on the basis of evidence adduced at a preliminary examination before a trial. As noted by the *Hunt* Court, the right to a preliminary examination is a creation of statute and not a matter of federal or state constitutional requirement; it serves to determine whether a crime has been committed and, if so, whether there is probable cause to believe that the defendant committed the crime. *Hunt, supra* at 362. A defendant is not convicted of a crime pursuant to a preliminary examination ruling, and *Hunt* has no bearing on our case. Here, the prosecutor sought to amend the information before trial to add a count of CSC-III, but this request, which I believe should have been approved for the reasons enunciated in *Hunt,* was rejected by the trial court and is not before us. Once the trial court denied the request to amend the information, the case proceeded to trial and was subject to the requirements of MCL 768.32(1) and the case law interpreting the statute.

I would reverse.