# Syllabus

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.

Reporter of Decisions:
Kathryn L. Loomis

PEOPLE v CALLOWAY

Docket Nos. 153636 and 153751. Decided May 19, 2017.

Tiwaun M. Calloway was convicted of second-degree murder, MCL 750.317, on an aiding-and-abetting theory following a jury trial in the Wayne Circuit Court for his role in a man's death. The court, Megan Maher Brennan, J., sentenced Calloway to 20 to 50 years of imprisonment. At sentencing, the court scored Offense Variable 5 (OV 5), MCL 777.35, at 15 points for the serious psychological injury suffered by two of the victim's family members as a result of the victim's death. Calloway sought delayed leave to appeal. While his leave application was pending, Calloway moved in the trial court for reissuance of the judgment of sentence under MCR 6.428. The trial court granted the motion, and Calloway filed a claim of appeal from the reissued judgment. The Court of Appeals then granted Calloway's delayed application for leave. The appeals were consolidated. The Court of Appeals, GLEICHER, P.J., and JANSEN and SHAPIRO, JJ., affirmed Calloway's conviction in an unpublished per curiam opinion issued on March 22, 2016, but the Court vacated Calloway's sentence after it determined that OV 5 should have been scored at zero points. Both Calloway and the prosecution sought leave to appeal in the Supreme Court—Calloway, to appeal his conviction, and the prosecution, to appeal the Court of Appeals' decision regarding OV 5.

In a unanimous per curiam opinion, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

Points may be assessed for OV 5 even absent proof that a victim's family member has sought or received, or intends to seek or receive, professional treatment. OV 5 may also be scored when a victim's family member has suffered a serious psychological injury that may require professional treatment in the future, regardless of whether the victim's family member presently intends to seek treatment. Because there was adequate proof of such an injury in this case, the Court of Appeals' ruling that the trial court erred by assessing 15 points for OV 5 had to be reversed.

1. Pursuant to MCL 777.22(1), OV 5 must be scored for certain homicide or homicide-related offenses. MCL 777.35 specifies that 15 points should be assessed if the serious psychological injury to a victim's family member may require professional treatment and that the fact that treatment has not been sought is not determinative. In scoring OV 5, a trial court should consider the severity of the injury and the consequences that flow from it, including how the

injury has manifested itself before sentencing and how it is likely to do so in the future, and whether professional treatment has been sought or received. Contrary to the suggestion of the Court of Appeals, points may be assessed for OV 5 even when the family member does not have a present intention to seek treatment. All that is required to assess points for OV 5 is the existence of a serious psychological injury that may require treatment. In this case, evidence was presented that two of the victim's family members suffered serious psychological injuries that may require professional treatment in the future. The trial court properly assessed 15 points for OV 5 because there was ample evidence of the seriousness of the injuries and their long-lasting effects. The Court of Appeals' contrary ruling had to be reversed.

2. Calloway's application for leave to appeal that portion of the Court of Appeals' judgment rejecting his challenges to his conviction was denied for failure to persuade the Court that the questions presented in his application should be reviewed.

3. Remand was required under *People v Lockridge*, 498 Mich 358 (2015), given the Court of Appeals' conclusion that the trial court engaged in judicial fact-finding in scoring two offense variables.

Reversed in part and remanded.

Justice WILDER took no part in the decision of this case.

©2017 State of Michigan

# OPINION

Chief Justice:
Stephen J. Markman

Justices:
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder

FILED  May 19, 2017

STATE OF MICHIGAN

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v                                        No. 153636

TIWAUN MAURICE CALLOWAY,

        Defendant-Appellant.

_____

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v                                        No. 153751

TIWAUN MAURICE CALLOWAY,

        Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH (except WILDER, J.)

PER CURIAM.

At issue in this case is whether the trial court properly assessed 15 points for Offense Variable 5 (OV 5).[1] This question turns on whether the proofs were sufficient to establish that a "[s]erious psychological injury requiring professional treatment occurred to a victim's family."[2] We hold that 15 points may be assessed for OV 5 even absent proof that a victim's family member has sought or received, or intends to seek or receive, professional treatment. In particular, OV 5 may also be scored when a victim's family member has suffered a serious psychological injury that may require professional treatment in the future, regardless of whether the victim's family member presently intends to seek treatment. Because there was adequate proof of such an injury in this case, we reverse the Court of Appeals' ruling that the trial court erred by assessing 15 points for OV 5.

## I. FACTS AND PROCEDURAL HISTORY

Defendant, Tiwaun Calloway, and his friend Damian Jones were searching for the man they believed stole a cell phone from Jones's girlfriend. Defendant drove to Jones's residence, where Jones retrieved an AK-47 rifle. They later confronted the suspected thief. As the man tried to run away, Jones opened fire, killing him. Defendant then drove Jones away from the scene. Defendant was convicted of second-degree murder[3] on an aiding and abetting theory and was sentenced to 20 to 50 years in prison.

---

[1] MCL 777.35.

[2] MCL 777.35(1)(a).

[3] MCL 750.317.

At sentencing, the trial court scored OV 5 at 15 points. The Court of Appeals summarized the evidence supporting this score as follows:

> The presentence investigation report (PSIR) reflects that the victim's stepfather was interviewed. He stated that the victim's mother was "having a very hard time dealing with this situation," and explained that the "incident has had a tremendous, traumatic effect on him and his family." He explained that the incident "will change them for the rest of their lives." The victim's stepfather expressed similar thoughts when he made a statement at sentencing.[4]

However, the Court of Appeals concluded that OV 5 should have been scored at zero points because

> there is no evidence indicating that any member of the victim's family intended to receive professional treatment in relation to the incident or required professional treatment because of the incident. See *People v Portellos*, 298 Mich App 431, 449; 827 NW2d 725 (2012) (affirming the trial court's refusal to assess points for OV 5 when there was no evidence that members of the victim's family intended to receive treatment).[5]

The prosecution now seeks leave to appeal in this Court from the Court of Appeals' holding that OV 5 was misscored.[6]

---

[4] *People v Calloway*, unpublished per curiam opinion of the Court of Appeals, issued March 22, 2016 (Docket Nos. 323776 and 325524), p 7.

[5] *Id.*

[6] Defendant also seeks leave to appeal in Docket No. 153636 from the portion of the Court of Appeals' opinion rejecting defendant's challenges to his conviction. However, with respect to defendant's separate application, leave to appeal is denied because we are not persuaded that the questions presented should be reviewed by this Court. Defendant's motion to remand for a new trial is also denied.

## II. STANDARD OF REVIEW

A trial court's factual determinations must be supported by a preponderance of the evidence and are reviewed for clear error.[7] "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo."[8]

In interpreting statutes, "our goal is to give effect to the Legislature's intent, focusing first on the statute's plain language."[9] In doing so, "we examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme. When a statute's language is unambiguous, the Legislature must have intended the meaning clearly expressed, and the statute must be enforced as written."[10]

## III. ANALYSIS

OV 5 is scored when a homicide or homicide-related crime[11] causes psychological injury to a member of a victim's family. MCL 777.35, which governs OV 5, provides as follows:

---

[7] *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

[8] *Id*.

[9] *Madugula v Taub*, 496 Mich 685, 696; 853 NW2d 75 (2014).

[10] *Id*. (quotation marks and citations omitted).

[11] In particular, OV 5 is scored for "homicide, attempted homicide, conspiracy or solicitation to commit a homicide, or assault with intent to commit murder." MCL 777.22(1). This limitation may be contrasted with Offense Variable 4 (OV 4), which is scored for all crimes against a person, property, public order, public trust, and public safety when there is psychological injury to a victim. MCL 777.22.

(1) Offense variable 5 is psychological injury to a member of a victim's family. Score offense variable 5 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Serious psychological injury requiring professional treatment occurred to a victim's family ............................................................ 15 points

(b) No serious psychological injury requiring professional treatment occurred to a victim's family ............................................................ 0 points

(2) Score 15 points if the serious psychological injury to the victim's family may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive.

Therefore, a trial court properly assesses 15 points for OV 5 when "[s]erious psychological injury requiring professional treatment occurred to a victim's family."[12] However, the very next subsection of the statute provides that 15 points should be assessed "if the serious psychological injury to the victim's family *may* require professional treatment," and that "[i]n making this determination, the fact that treatment has not been sought is not conclusive."[13]

At first blush, the second subsection of MCL 777.35 appears to contradict the first concerning whether professional treatment is required for points to be assessed. However, the more specific second subsection is clearly intended as a further explication of the circumstances justifying a 15-point score. "[W]e examine the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme."[14]

---

[12] MCL 777.35(1)(a).

[13] MCL 777.35(2) (emphasis added).

[14] *Madugula*, 496 Mich at 696.

5

In addition, when a statute contains a general provision and a specific provision, the specific provision controls.[15] While MCL 777.35(1)(a) requires the injury to be one "requiring professional treatment," the statute does not require proof that a victim's family member has already sought or received, or intends to seek or receive, professional treatment. The second subsection makes this clear by stating that "the fact that treatment has not been sought is not conclusive," and by specifying that a 15-point score is appropriate if the injury "*may* require professional treatment."[16]

Although this threshold may seem low, trial courts must bear in mind that OV 5 requires a "*serious* psychological injury." In this context, "serious" is defined as "having important or dangerous possible consequences."[17] Thus, in scoring OV 5, a trial court should consider the severity of the injury and the consequences that flow from it, including how the injury has manifested itself before sentencing and is likely to do so in the future, and whether professional treatment has been sought or received. However, even when professional treatment has not yet been sought or received, points are properly

---

[15] *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 367 n 22; 817 NW2d 504 (2012).

[16] MCL 777.35(2) (emphasis added); see *Browder v Int'l Fidelity Ins Co*, 413 Mich 603, 612; 321 NW2d 668 (1982) ("[C]ourts should give the ordinary and accepted meaning to . . . the permissive word 'may' unless to do so would clearly frustrate legislative intent . . . .").

[17] *Merriam-Webster's Collegiate Dictionary* (11th ed). To understand the meaning of words in a statute that are not otherwise defined, we may resort to dictionary definitions for guidance. *Ronnisch Constr Group, Inc v Lofts on the Nine, LLC*, 499 Mich 544, 559 n 41; 886 NW2d 113 (2016).

assessed for OV 5 when a victim's family member has suffered a serious psychological injury that may require professional treatment in the future.[18]

We disagree with the Court of Appeals to the extent that it held that in order to properly assess points for OV 5 in the absence of evidence that a victim's family member sought or received treatment, there must at least be evidence that a victim's family member had a present intention to seek or receive professional treatment. The Court of Appeals' holding on this point is not entirely clear because, after reviewing some of the statements by the victim's stepfather, the Court simply concluded its analysis by stating that "there is no evidence indicating that any member of the victim's family intended to receive professional treatment in relation to the incident or required professional treatment because of the incident."[19]

*Portellos*, the case the Court of Appeals cited in its OV 5 analysis, is equally opaque. There, to support its conclusion that OV 5 was properly scored at zero, the Court of Appeals stated as follows:

> Though [the victim's grandmother] expressed her emotional response to the [victim's] death, she did not state that she intended to receive treatment. Nor did [the victim's father] state that he intended to receive treatment. [The victim's grandmother] only stated that she hoped that [the defendant] would be able to receive treatment while in prison.[20]

---

[18] See MCL 777.35(2) ("[T]he fact that treatment has not been sought is not conclusive."). By like token, the fact that treatment *has* been sought or received will not always be dispositive—for example, when the treatment sought or received is not indicated by the injury.

[19] *Calloway*, unpub op at 7, citing *Portellos*, 298 Mich App at 449.

[20] *Portellos*, 298 Mich App at 449.

7

However, the Court of Appeals did not discuss any details regarding the victim's grandmother's "emotional response to the [victim's] death," or consider the letter she submitted "that spoke about her disbelief, grief, anger, and heartbreak at the loss of [the victim]."[21] As noted above, OV 5 is not limited to situations in which a victim's family member has already sought or received treatment, or expressed an intention to do so. Points are also properly assessed when the serious psychological injury may require professional treatment in the future, regardless of whether the victim's family member presently intends to seek treatment. We overrule *Portellos* to the extent it stated or implied otherwise.[22]

## IV. APPLICATION

Applying the plain language of MCL 777.35 to the facts of this case, the statements by the victim's stepfather in the presentence investigation report and at the

---

[21] *Id*. at 441, 449.

[22] Although our opinion interprets OV 5, we note that our interpretation is consistent with published Court of Appeals cases construing OV 4, which contains identical statutory language in pertinent part. See MCL 777.34(1)(a) (requiring trial courts to assess 10 points for OV 4 when "[s]erious psychological injury requiring professional treatment occurred to a victim"); MCL 777.34(2) (providing that 10 points should be assessed "if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive"). The Court of Appeals has held that OV 4 may properly be scored at 10 points even absent proof that a victim sought or received, or intended to seek or receive, professional treatment. See *People v Schrauben*, 314 Mich App 181, 197-198; 886 NW2d 173 (2016); *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012); *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012); *People v Ericksen*, 288 Mich App 192, 202-203; 793 NW2d 120 (2010); *People v Waclawski*, 286 Mich App 634, 681; 780 NW2d 321 (2009); *People v Apgar*, 264 Mich App 321, 329; 690 NW2d 312 (2004).

8

sentencing hearing demonstrate that the victim's family members suffered serious psychological injuries that may require professional treatment in the future.

In the presentence investigation report, the victim's stepfather stated that the victim's mother "is having a very hard time dealing with this situation." He indicated that he met and married the victim's mother when the victim was approximately four months old. He stated that "this incident has had a tremendous, traumatic effect on him and his family." He indicated that the victim had just become a father four months earlier, and that the incident "will change them for the rest of their lives."

The victim's stepfather also addressed the trial court at sentencing, stating that "my family feels horrible about this incident," and that defendant "[does not] understand what he has done to our family and what he has done to my wife. And that's something that I can't change. I'll never be able to change it." After noting that the victim was only 24 years old when he was killed and that he had a four-month-old baby, the victim's stepfather stated:

> I want you to feel my pain, your Honor. I want you to feel my pain. Because something happened that was final, we can't change it. He'll never have another birthday. He'll never see his child. His child will never see him. This is something that I have to go through the rest of my life with, I have to teach my grandbaby about her father.

He further stated that "since [the day of the murder], I've thought about this every single day, every day. And I'll probably think about it for the rest of my life. But this is something that I have to live through. And I will go through this till [sic] the end."

After reviewing this evidence, we believe that the trial court correctly concluded that two members of the victim's family suffered serious psychological injuries that may

9

require professional treatment in the future. There was ample evidence of the seriousness of the injuries and their long-lasting effects to support the trial court's decision to assess 15 points for OV 5.

## V.  CONCLUSION

We reverse the Court of Appeals' decision that the trial court improperly assessed 15 points for OV 5, and we remand this case to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*.[23]

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen

WILDER, J., took no part in the decision of this case.

---

[23] *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). We remand under *Lockridge* given the Court of Appeals' conclusion that the trial court engaged in judicial fact-finding in scoring two offense variables. *Calloway*, unpub op at 5-6.