# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 22, 2018

Plaintiff-Appellee,

v

No. 335998
Macomb Circuit Court
LC No. 2016-000365-FH

TRAYVON DELRESSE GAINES,

Defendant-Appellant.

Before: MURRAY, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant pleaded *nolo contendere* to assault with intent to rob while armed, MCL 750.89, conspiracy to commit armed robbery, MCL 750.157a; MCL 750.529, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant to concurrent prison terms of 81 to 240 months for the assault with intent to rob while armed and the conspiracy to commit armed robbery convictions, and to two years' consecutive imprisonment for the felony-firearm conviction. Defendant filed a delayed application for leave to appeal, which this Court granted.[1] We vacate his sentences for assault with intent to rob while armed and conspiracy to commit armed robbery, and remand for resentencing.

## I. FACTS

On December 31, 2015, defendant and D'Angelo Tyner entered a Family Dollar store in Clinton Township. A customer, James Harris, and an employee, Dakisha Freeman, were at the counter. Tyner held a handgun to the back of Harris's head, and defendant and Tyner ordered Freeman to the ground. Tyner guided Harris around the counter and ordered him to the ground. Tyner ordered Harris and Freeman to empty their pockets, and defendant walked to the back of the store. Soon thereafter, defendant and Tyner fled.

Harris later provided a victim impact statement, in which he said, "After feeling the gun placed against my head my thoughts were if I was gonna live . . . After all of my health

---

[1] *People v Gaines*, unpublished order of the Court of Appeals, entered January 20, 2017 (Docket No. 335998).

problems – I survived but yet I'm at the end of a pistol being demanded to lay down and empty my pockets. My thoughts were of my wife, my kids, grand-kids and great-grand kids."

At sentencing, defendant objected to the scoring of offense variable (OV) 4 at 10 points. The trial court read the victim's impact statement and added,

> Wow. How would his mother feel? How would his father feel if we did that to them? Oh, my goodness, you go through all of the struggles of life. You have all these health issues yet to have a bunch of punks come in and put a gun to your head.

In response, the prosecutor stated, "I think when you have a gun placed to your head, certainly it is reasonable to think that, that person may have psychological issues down the road or issues that they need treatment for." Based on this evidence and reasoning, the court assessed 10 points for OV 4. This changed defendant's sentencing guidelines range for the relevant convictions from 51 to 85 months to 81 to 135 months.

## II. ANALYSIS

Defendant's sole issue on appeal is his challenge to the assessment of 10 points for OV 4. Defendant argues that the victim's impact statement describes only the victim's experience during the crime, which is insufficient to support the conclusion that the victim suffered serious psychological injury. Since defendant objected to the scoring of OV 4 at the time of sentencing, this issue was preserved. MCR 6.429(C).

We review a circuit court's factual determinations at sentencing for clear error. *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error" exists where "the reviewing court is left with a definite and firm conviction that an error occurred." *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012) (quotation marks and citation omitted). The factual determinations of the circuit court must be supported by a preponderance of the evidence in order to be upheld. *Hardy*, 494 Mich at 438. Whether the facts as found by the circuit court are sufficient to assess points is reviewed de novo. *Id*.

A trial court must assess 10 points for OV 4 when a crime causes a victim to experience "[s]erious psychological injury requiring professional treatment[.]" MCL 777.34(1). In making this assessment, the fact that the victim has not sought such treatment is not determinative. MCL 777.34(2).

The Michigan Supreme Court recently held that the victim's feeling of fear during a crime, without other showing of psychological harm, is insufficient by itself to assess 10 points for OV 4. *People v White*, 501 Mich 160, 164-165; 905 NW2d 228 (2017). In reaching this decision, the *White* Court overruled *People v Agpar*, 264 Mich App 321; 690 NW2d 312 (2004), "to the extent it held that a victim's fear during a crime, *by itself and without any other showing of psychological harm*, is sufficient to assess 10 points for OV 4." *Id*. at 164. The *White* Court also held that "a court cannot merely assume that a victim has suffered a 'serious psychological injury' solely because of the characteristics of the crime." *Id*. at 165. The Court stated that although victims are often, and understandably, frightened during a crime, this fear does not necessarily lead to serious psychological injury. *Id*. at 164-165.

In line with the *White* Court's holding, it remains true that the trial court may assess 10 points for OV 4 when the injury caused by the crime continues after the completion of the crime itself. *People v Wellman*, 320 Mich App 603, 611-612; ___ NW2d ___ (2017). This Court has upheld the assessment of 10 points for OV 4 when a victim impact statement disclosed feelings of anger, hurt, violation, and fear *after* the crime. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). This Court has also upheld the assessment of 10 points for OV 4 when the victim indicated that he suffered from depression and changes in personality *after* the crime. *People v Ericksen*, 288 Mich App 192, 203; 793 NW2d 120 (2010).

Here, the victim's statement only discusses his experience during the crime. There is no evidence on the record that shows injury after the crime's completion. The victim described, and the trial court considered, only that the victim was thinking about his family and was wondering whether he would live *during* the crime. It is certainly possible that the victim experienced serious psychological injury after the crime, but there is no evidence that the victim suffered such an injury. On this record, we can only speculate, based on the nature of the crime and the victim's fear during the crime, about whether the victim actually suffered a "serious psychological injury." This is insufficient to assess 10 points for OV 4.

The subtraction of 10 points from the scoring of OV 4 lowers defendant's minimum sentence under the guidelines from 81 to 135 months to a minimum of 51 to 85 months. MCL 777.62. Accordingly, we vacate defendant's sentences for assault with intent to rob while armed and conspiracy to commit armed robbery, and remand for resentencing. See *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood