*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

KYLE LEE NYBERG,

        Defendant-Appellee.

UNPUBLISHED
February 19, 2025
9:44 AM

No. 368958
Wexford Circuit Court
LC No. 20-012749-FC

Before: GADOLA, C.J., and CAMERON and ACKERMAN, JJ.

PER CURIAM.

The prosecution appeals by leave granted[1] the trial court's order vacating defendant's conviction, dismissing the case with prejudice, and denying the prosecution's motion for entry of judgment of conviction of a lesser offense or for a new trial. Defendant was found guilty by a jury of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a); MCL 750.520b(2)(b) (sexual penetration of victim less than 13 years of age by defendant 17 years of age or older), and was sentenced to serve 25 to 35 years' imprisonment. Defendant filed a postconviction motion for a new trial, arguing there was insufficient evidence to prove the victim was under the age of 13. The trial court agreed that the prosecution had presented insufficient evidence at trial to prove the victim's age beyond a reasonable doubt. The prosecution then moved for a directed verdict of guilty of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration of victim at least 13 years of age and under 16 years of age), arguing that CSC-III was a lesser included offense of CSC-I under these circumstances and that the trial court had authority to enter a directed verdict against defendant for that uncharged offense. The trial court disagreed and denied the prosecution's motion. We affirm.

---

[1] *People v Nyberg*, unpublished order of the Court of Appeals, entered March 15, 2024 (Docket No. 368958).

## I. FACTS

Defendant was charged in two separate cases related to conduct involving two minor girls, sisters FE and KE. This appeal involves only the allegations regarding FE. FE and KE's mother testified that defendant was in a relationship with her younger sister, the girls' aunt, for about eight or nine years. The cases were consolidated for trial.

FE was 16 years old when she testified at trial in November 2021. She testified that she had stayed overnight at her aunt's home about "every few weeks" and that she stopped staying at her aunt's home after her mother found out that defendant had been sexually assaulting both KE and FE. FE testified that defendant "[u]sually" used two fingers and moved them in a circle pattern in her vagina while they were sitting on the couch in the living room. FE could not recall how many times this occurred at her aunt's home, and she thought it also happened once at her home, but she could not remember. When FE asked defendant what he was doing, he said that he was giving her a massage. The prosecution did not ask FE how old she was when the assaults occurred. FE's mother testified that she became aware of the allegations regarding KE when KE brought them to her attention in 2018, and that she became aware of the allegations regarding FE the next day; however, a police report was not made until September 2019.

After the prosecution rested its case, the prosecutor moved to amend the charges to add one count of fourth-degree criminal sexual conduct (CSC-IV), MCL 750.520e (sexual contact of victim at least 13 years old but less than 16 years old by a defendant who is at least five years older than the victim), as a lesser included offense in both cases. The trial court denied the motion at the time but indicated it would revisit the issue after defendant presented his case. The prosecution also moved to amend the information to reflect an event date range of August 29, 2012 to January 1, 2018, regarding FE, which the trial court granted. Defendant testified in his own defense and denied the allegations. When the defense rested, the prosecution again moved to include an instruction for CSC-IV regarding both FE and KE; however, shortly thereafter, the prosecution withdrew its request regarding FE.

During deliberations, the jury requested a " 'transcript of dates.' " The trial court informed the jury that there was no transcript of dates and that the jury would "simply have to use your collective memories about that." Later during deliberations, the jury requested the birthdates of both FE and KE. The trial court informed the jury of both birthdates. The jury then found defendant guilty of CSC-I in this case, finding that FE was "less than 13 years of age when the offense occurred" and that defendant was "17 years of age or older when the offense occurred." In the case involving KE, the jury found defendant not guilty of CSC-I but guilty of CSC-IV.

Defendant filed a claim of appeal[2] and was appointed counsel. Appointed counsel filed a motion for a new trial alleging, in relevant part, that there was insufficient evidence to support defendant's conviction of CSC-I because no evidence was presented from which the jury could

---

[2] This Court granted defendant's motion to withdraw his appeal after the trial court vacated the conviction. *People v Nyberg*, unpublished order of the Court of Appeals, entered August 7, 2023 (Docket No. 360493).

find beyond a reasonable doubt that FE was less than 13 years old at the time of the incident. Defendant argued that the earliest possible day that FE could have reported the abuse to her mother was in June 2018. At that time, FE had been 13 years old for several months, and any jury verdict finding that the penetration occurred when she was 12 years old would have been speculative and not reasonably drawn from the evidence. Therefore, defendant argued, he was entitled to an order of acquittal or, alternatively, a new trial because the conviction was against the great weight of the evidence. The prosecution responded that the jury's finding that FE was under 13 years of age was a reasonable conclusion based on the evidence presented.

The trial court found that the earliest date that FE reported the abuse to her mother was June or July of 2018. Upon review of the record, the trial court found that the evidence at trial was "confusing at best" as to when the acts occurred and the duration of the abuse. Furthermore, although it was "not essential that the prosecution prove on what date the offense occurred," establishing that the offense occurred before FE turned 13 was essential, but such a finding required "speculation based upon the record that was presented to the jury." The trial court remarked that it would have had to grant a directed verdict had the issue been raised at trial.

As to the proper remedy, defendant argued the only remedy was acquittal. The prosecution asked for either a new trial or a directed verdict of guilty of CSC-III, contending that there was no question that FE was at least under the age of 16 at the time of the offense, which is required to convict a person of CSC-III. The trial court found there was inadequate proof to establish that FE was not yet 13 at the time of the offense, but reserved entry of an order regarding a possible remedy to provide counsel an opportunity to submit relevant authority to the court regarding the prosecution's assertion that a directed verdict of guilt could be ordered concerning a charge not submitted to the jury.

The prosecution moved to amend the charges and requested the trial court enter a conviction of CSC-III, arguing that CSC-III was a lesser included offense of CSC-I and that the trial court likely would have granted a timely motion for directed verdict on the matter. At the subsequent hearing, the trial court noted that the prosecutor had declined its opportunity at trial to charge defendant with CSC-III or request that the jury be instructed that it could consider CSC-III as a necessarily lesser included offense. The trial court held that its order vacating the conviction on the basis of insufficiency of the evidence constituted an acquittal, that the prosecution had waived any objection to the jury instructions, and that setting a new trial would be violate double jeopardy. The court vacated defendant's conviction and sentence, dismissed the case with prejudice, and denied the prosecution's motion for a directed verdict or a new trial. The prosecution now appeals.

## II. DISCUSSION

### A. STANDARD OF REVIEW[3]

---

[3] Defendant contends that the prosecution waived its argument that it is entitled to entry of a judgment of guilty of CSC-III when it withdrew its request that the jury be instructed regarding

This Court reviews a trial court's decision on a motion for a new trial for an abuse of discretion, "which occurs when the trial court renders a decision falling outside the range of principled decisions," *People v Dimambro*, 318 Mich App 204, 212; 897 NW2d 233 (2016) (citation omitted), or when it makes an error of law. *People v Samuels*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket No. 164050); slip op at 3. Underlying questions of law, including constitutional issues, are reviewed de novo. *Samuels*, __ Mich at __; slip op at 3.

## B. ANALYSIS

The prosecution argues that, under the specific circumstances of this case, CSC-III (sexual penetration of a victim at least 13 years of age and under 16 years of age) is a lesser included offense of CSC-I, (sexual penetration of a victim under 13 years of age), because the only difference in elements is the age of the victim and there is no question that FE was under the age of 16 at the time of the offense. The prosecution notes that an appellate court may remand for entry of judgment of a necessarily included lesser offense when a conviction for a greater offense is reversed on grounds that affect only the greater offense. *People v Bearss*, 463 Mich 623, 631; 625 NW2d 10 (2001).

Because the trial court's order constituted an acquittal and because CSC-III—even if it had been charged—is not a lesser included offense of CSC-I, we conclude that the trial court properly denied, on double jeopardy grounds, the prosecution's request for entry of a judgment of guilt of CSC-III or for a new trial.

Generally, the Fifth Amendment of the United States Constitution, US Const Am V, and the Michigan Constitution's parallel provision, Const 1963, art 1, § 15, provide a criminal defendant protection against being placed in jeopardy twice for the same offense. *People v Szalma*, 487 Mich 708, 715-716; 790 NW2d 662 (2010). "In adopting this parallel provision, the people of this state intended that our double jeopardy provision would be construed consistently with Michigan precedent and the Fifth Amendment." *Id*. at 716 (quotation marks and citation omitted). The United States Supreme Court has "explained that . . . 'the accused, whether convicted or

---

lesser offenses and repeatedly expressed satisfaction with the jury instructions. A failure to properly object to an issue forfeits that issue, but does not extinguish the error; instead, it allows review for plain error. *People v Carter*, 462 Mich 206, 215-216; 612 NW2d 144 (2000); see also *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Waiver, however, occurs when a party "affirmatively approve[s]" of an issue before the trial court, only to later argue that there was error on appeal. *People v Jackson*, 313 Mich App 409, 420; 884 NW2d 297 (2015). When waiver occurs, unlike forfeiture, the error is extinguished. *Carter*, 462 Mich at 215. Although the prosecution argues that it is raising no issue concerning instructional error and that defendant's waiver argument conflates instructional error with the issue actually raised—that the prosecution is entitled to entry of judgment on a lesser included offense—the gravamen of its argument is that sufficient evidence was presented to support a jury verdict of guilty of CSC-III, a charge that it expressly declined to make. So, while it can be said that the prosecution affirmatively waived its ability to seek a conviction of CSC-III, for purposes of this appeal we will assume that the issue is not waived.

acquitted, is equally put in jeopardy at the first trial.' " *Id.* at 717, quoting *Ball v United States*, 163 US 662, 669; 16 S Ct 1192; 41 L Ed 300 (1896). Therefore, an acquittal serves as a bar to retrial. *Id.*

To qualify as an acquittal, the trial court must issue "either a clear statement in the record or a signed order of judgment articulating the reasons for granting or denying the motion so that it is evident that there has been a final resolution of some or all the factual elements of the offense charged." *People v Vincent*, 455 Mich 110, 126-127; 565 NW2d 629 (1997). In this case, the trial court made clear statements on the record articulating its reasons for vacating the conviction and denying the prosecution's motion. The trial court held that a "directed verdict" was appropriate because there was inadequate proof to establish that FE was not yet 13 at the time of the offense. The trial court concluded that setting a new trial "would be in contravention of the double jeopardy rule" because the prosecutor declined its opportunity to charge defendant with CSC-III or request it be instructed as a lesser included offense, and that the trial court's order vacating the conviction on the basis of insufficiency of the evidence constituted an acquittal. The trial court's order resolved a factual element of the offense charged and therefore operated as an acquittal for double jeopardy purposes. See *Vincent*, 455 Mich at 126-127.

"[A] 'judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution when a second trial would be necessitated by a reversal.' " *People v Torres*, 452 Mich 43, 66-67; 549 NW2d 540 (1996), quoting *United States v Scott*, 437 US 82, 91; 98 S Ct 2187; 57 L Ed 2d 65 (1978) (emphasis omitted). Here, the trial court effectively entered a judgment of acquittal by ruling that the evidence was insufficient to convict; therefore, a second trial regarding the underlying conduct would violate double jeopardy. See *id.*

The prosecution contends that a second trial is unnecessary and the trial court can enter a conviction on CSC-III because CSC-III is a lesser included offense and the jury's findings are consistent with the elements of CSC-III. Therefore, the prosecution asserts, the trial court was authorized to enter a judgment of conviction on CSC-III without retrial. The prosecution cites MCL 768.32(1), which states:

> Except as provided in subsection (2),[4] upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

Generally, "a jury instruction on a necessarily included lesser offense is appropriate if 'the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser

---

[4] "Subsection 2 provides different rules regarding lesser included offenses when a defendant is charged with a major controlled substance offense." *People v Nyx*, 479 Mich 112, 117 n 7; 734 NW2d 548 (2007) (opinion by TAYLOR, C.J.)

included offense and a rational view of the evidence would support it.' " *People v Yeager*, 511 Mich 478, 490; 999 NW2d 490 (2023), quoting *People v Cornell*, 466 Mich 335, 357; 646 NW2d 127 (2002).

Criminal sexual conduct is a crime the Legislature has divided into degrees. *People v Nyx*, 479 Mich 112, 117; 734 NW2d 548 (2007) (opinion by TAYLOR, C.J.). In *Nyx*, 479 Mich at 121, our Supreme Court held that the word "inferior" in MCL 768.32(1) refers to an offense that was "necessarily included in the greater charge." More specifically, "an offense is only inferior when all the elements of the lesser offense are included within the greater offense." *Id*.

In this case, defendant was convicted of CSC-I under MCL 750.520b(1)(a) and (2)(b). The elements of CSC-I are: "(1) the defendant engaged in sexual penetration with another person and (2) the other person was under 13 years of age." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). A defendant who commits CSC-I and who is 17 years of age or older is subject to "imprisonment for life or any term or years, but not less than 25 years." MCL 750.520b(2)(b). The elements of CSC-III are: (1) the defendant engaged in sexual penetration with another person and (2) the other person was at least 13 years of age and under 16 years of age. Although CSC-I and CSC-III share the common element of sexual penetration, the second element of each offense regarding the victim's age are mutually exclusive, because a victim cannot be simultaneously under 13 years of age and between 13 and 16 years of age. Therefore, the elements of CSC-III are not all necessarily included within the greater offense of CSC-I See *Nyx*, 479 Mich at 121. See also *People v Apgar*, 264 Mich App 321, 327; 690 NW2d 312 (2004), overruled on other grounds by *People v White*, 501 Mich 160, 164; 905 NW2d 228 (2017).

In short, the trial court did not abuse its discretion in denying the prosecution's motion for a new trial nor its request to enter a conviction of CSC-III because, under these circumstances, CSC-III is not a necessarily included lesser offense of CSC-I. The order vacating defendant's conviction constituted an acquittal, see *Vincent*, 455 Mich at 126-127, and a directed verdict or a new trial would place defendant in jeopardy regarding acquitted conduct, see *Szalma*, 487 Mich at 715-716.

Affirmed.

/s/ Michael F. Gadola
/s/ Thomas C. Cameron
/s/ Matthew S. Ackerman