PEOPLE v WILLIAMS

Docket No. 306917. Submitted August 7, 2012, at Detroit. Decided October 16, 2012, at 9:00 a.m.

Zachary Lowell Williams pleaded guilty in the Oakland Circuit Court of second-degree home invasion, receiving and concealing stolen property worth $1,000 or more but less than $20,000, and larceny of property valued at $200 or more but less than $1,000. Defendant accepted the terms of the plea agreement in exchange for the dismissal of a charge of attempted first-degree home invasion, and an agreement that his minimum sentence would be at the bottom of the sentencing guidelines recommended range. Following a successful motion for resentencing, the court, Rae Lee Chabot, J., sentenced defendant to 29 months to 15 years in prison for the home invasion conviction, 10 months to 5 years in prison for the receiving and concealing stolen property conviction, and 1 year in prison for the larceny conviction. Defendant appealed.

The Court of Appeals *held*:

1. Offense variable 4 (OV 4), MCL 777.34(1)(a), which considers the psychological injury to the victim, should be assigned 10 points if the defendant suffered serious psychological injury that required or may require professional treatment. The failure to seek professional treatment is not conclusive proof of a lack of psychological injury. Assignment of 10 points is appropriate if there is evidence that the victim was fearful during the crime, or was left feeling angry, and was trying to block out the memory of the crime. The trial court properly assessed defendant 10 points for OV 4 because the victim indicated that he felt hurt, violated, and frightened as a result of the offense against him.

2. Prior record variable 1 (PRV 1), MCL 777.51(1)(c), which considers the defendant's prior high-severity felony convictions, should be assigned 25 points if the defendant has one prior high-severity felony conviction. Under MCL 777.50(4)(a)(*i*), assignment to youthful trainee status following a plea of guilty under the Holmes Youthful Trainee Act, MCL 762.11 *et* seq., which is imposed as an alternative to a conventional criminal conviction and sentence, constitutes a conviction when assessing points for PRV 1 of the sentencing guidelines. MCL 777.16f provides that

first-degree home invasion, MCL 750.110a(2), is a class B felony under the sentencing guidelines and under MCL 777.51(2)(a) is thus considered to be a high-severity felony. The court did not err by assessing defendant 25 points for PRV 1 because his assignment to youthful trainee status for his 2005 plea of guilty of first-degree home invasion constituted a conviction for purposes of calculating PRV 1. MCL 777.50(4)(a)(*i*). The statutory definition controls and the trial court properly assessed defendant 25 points for PRV 1.

Affirmed.

1. SENTENCING — SENTENCING GUIDELINES — OFFENSE VARIABLES — PSYCHOLOGI- CAL INJURY TO VICTIM.

Offense variable 4 (OV 4), MCL 777.34(1)(a), which considers the psychological injury to the victim, should be assigned 10 points if the defendant suffered serious psychological injury that required or may require professional treatment; failure to seek professional treatment is not conclusive proof of a lack of psychological injury; assignment of 10 points is appropriate if there is evidence that the victim was fearful during the crime, or was left feeling angry, and was trying to block out the memory of the crime.

2. SENTENCING — SENTENCING GUIDELINES — PRIOR RECORD VARIABLES — PRIOR CONVICTIONS — HOLMES YOUTHFUL TRAINEE.

The assignment to youthful trainee status following a plea of guilty under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.*, which is imposed as an alternative to a conventional criminal conviction and sentence, constitutes a conviction when assessing points for prior record variable 1 of the sentencing guidelines. [MCL 777.50(4)(a)(*i*).]

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Jessica R. Cooper*, Prosecuting Attorney, *Thomas R. Grden*, Appellate Division Chief, and *Tanya L. Nava*, Assistant Prosecuting Attorney, for the people.

*Jonathan B. D. Simon* for defendant.

Before: SAAD, P.J., and SAWYER and CAVANAGH, JJ.

PER CURIAM. Defendant appeals the sentence imposed for his plea-based conviction of second-degree home

invasion, MCL 750.110a(3). Defendant also pleaded guilty of receiving and concealing stolen property worth at least $1,000 but less than $20,000, MCL 750.535(3)(a), and larceny of property worth at least $200 but less than $1,000, MCL 750.356(4)(a). Defendant offered his plea in exchange for the dismissal of a charge of attempted first-degree home invasion, plus a *Cobbs*[1] agreement for a minimum sentence at the bottom of the recommended range under the sentencing guidelines. The trial court initially imposed concurrent terms of incarceration of 36 months to 15 years for the home invasion conviction, 18 months to 5 years for the receiving and concealing conviction, and 1 year for the larceny conviction. However, defendant won partial relief in a motion for resentencing, and the trial court reduced defendant's minimum sentences for the home invasion and receiving and concealing convictions, respectively, to 29 and 10 months. On appeal, defendant challenges the scoring of offense variable 4 (OV 4), psychological injury to the victim, and prior record variable 1 (PRV 1), prior high-severity felony convictions. For the reasons set forth below, we affirm.

We review for clear error a sentencing court's factual findings. MCR 2.613(C); *People v Fields*, 448 Mich 58, 77; 528 NW2d 176 (1995). "Scoring decisions for which there is any evidence in support will be upheld." *People v Endres*, 269 Mich App 414, 417; 711 NW2d 398 (2006). However, the proper application of the sentencing guidelines presents a question of law, which we review de novo. *People v Hegwood*, 465 Mich 432, 436; 636 NW2d 127 (2001).

The trial court assessed 10 points for OV 4, MCL 777.34(1)(a), which should be assigned if "[s]erious psychological injury requiring professional treatment

---

[1] See *People v Cobbs*, 443 Mich 276, 283; 505 NW2d 208 (1993).

occurred to a victim." Subsection (2) states that 10 points should be assigned "if the serious psychological injury may require professional treatment," and clarifies that "[i]n making this determination, the fact that treatment has not been sought is not conclusive." Defendant argues that the trial court had no basis to conclude that the victim experienced severe psychological injury as a result of his criminal actions.

The victim of defendant's home invasion submitted a victim impact statement declaring that he felt angry, hurt, violated, and frightened after the crime. We have held that evidence that a victim was left feeling "pretty angry," and "try[ing] to block out the memory," of a crime was adequate to uphold an assessment of 10 points under OV 4. *People v Waclawski*, 286 Mich App 634, 681; 780 NW2d 321 (2009). We have also held that evidence that a victim was "fearful during the encounter with [the] defendant" was sufficient to support such a score. *People v Apgar*, 264 Mich App 321, 329; 690 NW2d 312 (2004). The victim's statements about feeling angry, hurt, violated, and frightened support his score under our case law. Accordingly, we hold that the trial court properly assessed 10 points for OV 4. See *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009) (noting that a trial court's scoring decision will be affirmed when there is any evidence to support it).

Defendant claims that the trial court incorrectly assessed 25 points for PRV 1 because it erroneously relied on a term he had served under the Holmes Youthful Trainee Act, MCL 762.11 *et seq.* Twenty-five points should be assessed for PRV 1 if the offender has one prior high-severity felony conviction. MCL 777.51(1)(c). First-degree home invasion, MCL 750.110a(2), is a class B felony for purposes of the

guidelines. MCL 777.16f. A class B felony is considered a high-severity felony for the purpose of scoring PRV 1. MCL 777.51(2)(a).

Defendant was adjudged responsible for a first-degree home invasion in 2005, but served a term as a youthful trainee under the Holmes Youthful Trainee Act as an alternative to conventional criminal conviction and sentence. The question presented in this case is whether the assignment of youthful trainee status constitutes a conviction for purposes of scoring PRV 1. MCL 777.50(4)(a)(*i*) provides that when scoring PRVs 1 through 5, " '[c]onviction' includes . . . [a]ssignment to youthful trainee status under [MCL 762.11 through 762.15]." MCL 762.11(1) states as follows:

> [I]f an individual pleads guilty to a criminal offense, committed on or after the individual's seventeenth birthday but before his or her twenty-first birthday, the court of record having jurisdiction of the criminal offense may, without entering a judgment of conviction and with the consent of that individual, consider and assign that individual to the status of youthful trainee.

Because defendant was assigned the status of youthful trainee under MCL 762.11(1) in response to having committed the crime of first-degree home invasion, that crime falls within the definition of "conviction" for a high-severity felony under MCL 777.50(4)(a)(*i*), and thus for the purpose of scoring PRV 1 under MCL 777.51(1)(c).

Defendant relies on *People v Garner*, 215 Mich App 218, 220; 544 NW2d 478 (1996), in which this Court, citing MCL 762.14(2), held that assignment of youthful trainee status did not constitute a conviction for the purpose of scoring the judicial guidelines then in effect. However, *Garner* was decided two years before the Legislature enacted MCL 777.50, subsection (4)(*i*) of

which defines "conviction" to include assignment to youthful trainee status for purposes of scoring PRV 1. See 1998 PA 317.

Subsequent panels of this Court are bound to follow prior decisions of this Court only as required by MCR 7.215(J). In *Colucci v McMillin*, 256 Mich App 88, 97 n 6; 662 NW2d 87 (2003), this Court considered whether it was bound to follow a prior decision of this Court that interpreted a pre-amendment version of MCL 600.1641:

> We recognize that, pursuant to MCR 7.215(I)(1),[2] "[a] panel of the Court of Appeals must follow the *rule of law* established by a prior published decision of the Court of Appeals. . . ." (Emphasis added.) Nonetheless, we conclude we are not bound by MCR 7.215(I)(1) to hold that the present case involves a single cause of action arising from a single vehicular accident that happens to include multiple defendants. *Schultz* [*v Silver Lake Transport, Inc*, 207 Mich App 267, 275; 523 NW2d 895 (1994),] was decided in 1994, before the Legislature amended MCL 600.1641. Therefore, *Schultz* did not consider the meaning of the phrase "cause of action" in MCL 600.1641(2) when the Court concluded that a wrongful-death lawsuit alleging negligence by multiple defendants is a single claim.

Thus, the Court in *Colucci* ruled that when the relevant language of a statute is amended, future panels are bound to hold that MCR 7.215(J) does not require them to adhere to earlier opinions that interpreted the pre-amendment version of the statute.

Moreover, our Supreme Court has consistently held that if a statute specifically defines a term, the statutory definition is controlling. See *Kuznar v Raksha Corp*, 481 Mich 169, 176; 750 NW2d 121 (2008); *Haynes v Neshewat*, 477 Mich 29, 35; 729 NW2d 488 (2007).

---

[2] This Court rule was later renumbered MCR 7.215(J)(1).

Accordingly, because MCL 777.50(4)(*i*) now specifically defines "conviction" to include assignment of youthful trainee status, that statutory definition must control. The trial court correctly assessed 25 points for PRV 1.

Affirmed.

SAAD, P.J., and SAWYER and CAVANAGH, JJ., concurred.