# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MICHAEL DWAYNE BREWER,

        Defendant-Appellant.

UNPUBLISHED
December 2, 2014

No.   316638
Berrien Circuit Court
LC No.   2012-004646-FH

Before:  M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant, Michael Dwayne Brewer, appeals by leave granted his sentence for larceny from the person.  MCL 750.357.  After Brewer pleaded guilty to the charge, the trial court sentenced him to serve 36 to 120 years in prison.  Because we conclude there were no errors warranting relief, we affirm.

In October 2012, Brewer stole Mary Sink's purse from her car while she was parked in a pharmacy's parking lot.  Sink was sitting in her car while her friend, Mildred Teft, was getting into the front passenger seat.  Brewer approached, pulled Teft out of the way, and took Sink's purse from the car.  He admitted to an officer that he took Sink's purse, but said he did not plan the crime—he only stopped at the pharmacy to urinate—and he did not recall touching anyone.

In November 2012, Brewer pleaded guilty to larceny from the person.  Sink gave a victim impact statement in which she related that the incident emotionally hurt her to the extent that she could no longer live alone because her private information was in the stolen purse.  At sentencing, the trial court found that Sink had suffered a psychological injury and that Brewer had exploited the victims' age to achieve the larceny.

Brewer argues the trial court erred when it scored 10 points under offense variable (OV) 4, because, in his view, there was no evidence that Sink suffered a serious psychological injury. He similarly argues the trial court erred when it found that he engaged in predatory conduct and, on that basis, scored 15 points under OV 10.  He maintains that the trial court should have scored zero points under OV 4 and 5 points under OV 10.  This Court reviews de novo the proper interpretation and application of the sentencing guidelines.  *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).  This Court, however, reviews the factual findings underlying a trial court's score for clear error.  *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).  The trial court's findings must be supported by a preponderance of the evidence.  *Id.*

-1-

The trial court had to score ten points under OV 4 if it found by a preponderance of the evidence that a victim suffered serious psychological injury that may require professional treatment. MCL 777.34(2). "[T]he fact that treatment has not been sought is not conclusive." MCL 777.34(2). Sink expressed in her victim impact statement that she felt emotionally and physically drained, and could no longer live alone after the crime. Sink's statements were sufficient to support the trial court's finding that she suffered a serious psychological injury that "may require professional treatment." MCL 777.34(2); *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). The trial court did not err when it scored ten points under OV 4.

The trial court had to score 15 points under OV 10 if it found Brewer exploited a vulnerable victim through predatory conduct. MCL 777.40(1)(a). A victim is "a person who suffers from a destructive or injurious action . . . ." *Cannon*, 481 Mich at 161 (quotation marks omitted). "Predatory conduct under the statute is behavior that is predatory in nature, precedes the offense, [and is] directed at a person for the primary purpose of causing that person to suffer from an injurious action . . . ." *People v Huston*, 489 Mich 451, 463; 802 NW2d 261 (2011) (quotation marks omitted). Predatory conduct includes "lying in wait and stalking, as opposed to purely opportunistic criminal conduct . . . ." *Id.* at 462. There is no evidence that Brewer engaged in predatory conduct. Rather, the evidence suggests Brewer merely took advantage of an opportunity to commit a crime after "run-of-the-mill planning." *Cannon*, 481 Mich at 162. In reaching our conclusion, we realize that the prosecutor argued that there was video evidence of predatory conduct. But the record is unclear as to whether the trial court reviewed the video and relied on it in scoring OV 10. Given the record before us, the trial court clearly erred when it found that Brewer engaged in predatory conduct. Instead, as Brewer argues on appeal, the trial court should have scored 5 points under OV 10.

Regardless, "[w]here a scoring error does not alter the appropriate guidelines range, resentencing is not required." *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006). With OV 10 correctly scored at five points, Brewer's total OV score is 35. Thus, his OV level would remain at IV. MCL 777.65. Therefore, the error does not warrant resentencing.

Brewer also argues that, because the trial court scored his variables using facts not established in his guilty plea, his sentence floor was increased in violation of his Sixth and Fourteenth Amendment rights as stated in *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013). This Court rejected this argument in *People v Herron*, 303 Mich App 392, 401-402; 845 NW2d 533 (2013), lv held in abeyance 846 NW2d 924 (2014), and we are bound by that holding. MCR 7.215(C)(2).

There were no errors warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

-2-