# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

FELTON DWAYNE KNUCKLES,

       Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319141
Wayne Circuit Court
LC No. 08-008237-FC

Before: RONAYNE KRAUSE, P.J., and K. F. KELLY and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted by a jury of unlawful imprisonment, MCL 750.349b, possession of a firearm by a person convicted of a felony (felon-in-possession), MCL 750.224f, three counts of felonious assault, MCL 750.82, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was originally sentenced as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for unlawful imprisonment, two to five years for felon-in-possession, two to four years for each count of felonious assault, and two years for felony-firearm. Defendant appealed to this Court, which held that the trial court erred in assessing 15 points for offense variable (OV) 8 and remanded for resentencing. *People v Knuckles*, unpublished opinion per curiam of the Court of Appeals, issued December 14, 2010 (Docket No. 289886). Defendant was resentenced, as a fourth habitual offender, to 10 to 15 years for unlawful imprisonment, two to five years for felon-in-possession, two to four years for each count of felonious assault, and two years for felony-firearm. Defendant now appeals as of right from his resentencing and we affirm.

This case arises from an incident in which defendant held one of the victims, Kimberly Davenport, captive at gunpoint in a house. Defendant argues that the trial court erred in assessing 10 points for OV 4 and 10 points for OV 9.[1]

---

[1] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). In addition, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law,

## I. OV 4

OV 4 addresses psychological injury to a victim. *People v Gibbs*, 299 Mich App 473, 492; 830 NW2d 821 (2013). MCL 777.34 governs the scoring of OV 4 and provides, in part:

> (1) Offense variable 4 is psychological injury to a victim. Score offense variable 4 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

> (a) Serious psychological injury requiring professional treatment occurred to a victim ........................................................................................... 10 points

> (b) No serious psychological injury requiring professional treatment occurred to a victim ................................................................................ 0 points

MCL 777.34(2) provides, "Score 10 points if the serious psychological injury may require professional treatment. In making this determination, the fact that treatment has not been sought is not conclusive." However, the trial court record must contain some evidence of the victim's serious psychological injury. *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). A victim's statement that he or she was fearful or angry during the incident supports a trial court's assessment of 10 points for OV 4. See *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012). " 'A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, *the contents of a presentence investigation report*, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial.' " *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012) (citation omitted; emphasis added). The trial court may examine the presentence investigation report (PSIR) to determine whether the victim suffered psychological harm. See, e.g., *Williams*, 298 Mich App at 124 (noting that the trial court properly assigned 10 points for OV 4 based on a victim impact statement in a PSIR); *Lockett*, 295 Mich App at 183 (noting that the trial court erred in assessing points for OV 4 and pointing out that the PSIR did not contain any information regarding the victim's psychological injury).

The trial court properly assessed 10 points for OV 4. The PSIR contains a victim impact statement. Kimberly is quoted as stating, "I thought what he did hurt me mentally and physically, I feel bad he has to go back to prison but he should be punished for what he did. I feel that he is a threat to society and the family." In addition, there was testimony presented at trial indicating that Kimberly suffered psychological injury. For example, Kimberly testified that she was upset and very scared during the incident because of defendant's threats. She was also angry during the incident. Detroit Police Officer Eric Carter testified that Kimberly was yelling for help during the incident and was "[v]isibly shaken, crying, upset. Hands couldn't stop shaking." Thus, the trial court did not err in assessing 10 points for OV 4 since there was

is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. Questions of constitutional law are also reviewed de novo. *People v Harper*, 479 Mich 599, 610; 739 NW2d 523 (2007).

evidence that Kimberly suffered psychological injury that may require professional treatment. See MCL 777.34(1) and (2); *Johnson*, 298 Mich App at 131; *Williams*, 298 Mich App at 124.

Defendant also argues that the trial court engaged in improper judicial factfinding in scoring OV 4 in violation of *Alleyne v United States*, 570 US ___, ___; 133 S Ct 2151, 2155; 186 L Ed 2d 314 (2013). However, we are bound by our opinion in *People v Herron*, 303 Mich App 392, 403; 845 NW2d 533 (2013), lv held in abeyance 846 NW2d 924 (2014), which considered and rejected this argument. MCR 7.215(J)(1).

## II. OV 9

OV 9 addresses the number of victims of a crime. *People v Fawaz*, 299 Mich App 55, 62; 829 NW2d 259 (2012). MCL 777.39 governs the scoring of OV 9 and provides, in part:

> (1) Offense variable 9 is number of victims. Score offense variable 9 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:
>
> (a) Multiple deaths occurred ........................................................ 100 points
>
> (b) There were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss .............................................................................................. 25 points
>
> (c) There were 2 to 9 victims who were placed in danger of physical injury or death, or 4 to 19 victims who were placed in danger of property loss .............................................................................................. 10 points
>
> (d) There were fewer than 2 victims who were placed in danger of physical injury or death, or fewer than 4 victims who were placed in danger of property loss .............................................................................................. 0 points

MCL 777.39(2)(a) provides, "Count each person who was placed in danger of physical injury or loss of life or property as a victim." In *People v McGraw*, 484 Mich 120, 122; 771 NW2d 655 (2009), the Michigan Supreme Court held, in the context of deciding a challenge to the trial court's assessment of 10 points for OV 9, "that a defendant's conduct after an offense is completed does not relate back to the sentencing offense for purposes of scoring offense variables unless a variable specifically instructs otherwise." The Court clarified that a sentencing offense "is the crime of which the defendant has been convicted and for which he or she is being sentenced." *Id*. at 122 n 3. The Court reasoned that the prosecution could charge a defendant with multiple offenses for the defendant's subsequent actions and that the defendant would be sentenced for all of his or her convictions. *Id*. at 130. However, a trial court may not consider a defendant's actions once the crime is completed in assessing points for OV 9. See *id*. at 132-134.

The trial court properly assessed 10 points for OV 9 because there were at least two victims of the sentencing offense of unlawful imprisonment. MCL 750.349b(1) provides:

A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

(a) The person is restrained by means of a weapon or dangerous instrument.

(b) The restrained person was secretly confined.

(c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

MCL 750.349b(3)(a) defines "restrain" as follows:

[T]o forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority. The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts.

Defendant argues that the trial court erred by including the three police officers who he was convicted of assaulting as victims under the sentencing offense of unlawful imprisonment. Even assuming defendant's argument is correct, the trial court did not err in scoring OV 9 at 10 points because there were at least two other victims of unlawful imprisonment. Kimberly, Dellonie Davenport, and their daughter were victims under OV 9. Defendant was convicted of unlawful imprisonment of Kimberly and does not contest the fact that she was a victim for the purposes of OV 9. Dellonie testified that defendant pointed a gun at him and his daughter before defendant and Kimberly went into the basement. Dellonie and his daughter fled the house and called 911 as soon as defendant left the room. Thus, Dellonie and his daughter were victims under MCL 777.39(2)(a) because they were placed in danger of physical injury during the period of time in which defendant restrained Kimberly at gunpoint. See MCL 750.349b(1); MCL 777.39(2)(a); *People v Morson*, 471 Mich 248, 262; 685 NW2d 203 (2004) (holding that a man standing near the scene of an armed robbery and responding to calls for help was a victim under the meaning of OV 9). Accordingly, the trial court did not err in scoring OV 9 at 10 points.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Kirsten Frank Kelly
/s/ Douglas B. Shapiro

-4-