# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KYLE KEITH CLARK,

        Defendant-Appellant.

UNPUBLISHED
July 6, 2017

No. 332216
Washtenaw Circuit Court
LC No. 11-001541-FC

Before: TALBOT, C.J., and BECKERING and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Kyle Keith Clark, appears in this Court a second time to appeal by right the sentence imposed after a jury convicted him of criminal sexual conduct, third degree (CSC III), MCL 750.520d(1)(b), and domestic violence, MCL 750.81(2). Defendant now contends that the trial court erred by assigning 10 points to offense variable 4 (psychological injury to the victim) in the absence of evidence of a serious psychological injury. For the reasons stated below, we affirm.

## I. RELEVANT FACTS

We take the following relevant facts from the Court's decision in defendant's prior appeal:

At the time of complainant's assault, complainant and defendant had lived together for approximately four years and defendant was then living with complainant for what complainant termed a "trial basis." The day before the assault, complainant had given defendant money for gas to drive back a vehicle he intended to purchase that night. Defendant instead bought crack with the money and stayed overnight in a crack house. Complainant texted and called defendant numerous times to determine his whereabouts, but he did not answer. According to the complainant, defendant showed up at their home early the next day banging on the front door. Complainant indicated that she did not want defendant there and that she told him to go away. Defendant did not leave, but instead pushed the door open, breaking the lock. The two argued and defendant went upstairs to sleep in the bed they shared. Complainant left to take her son to school and upon returning got in the shower to get ready for work. After complainant had finished her shower, and was

-1-

still in the bathroom, defendant entered and ordered her to perform fellatio on him. Complainant told him she was "done with him" and basically that their relationship was over. Defendant had also testified to the waning of their relationship and to his plans of moving out. According to the complainant, when she refused to perform oral sex on defendant he grabbed her by her hair and pushed her up the stairs to their bedroom.

Once upstairs, defendant pushed complainant face first onto their bed, spit on her anus and proceeded to anally rape her. Complainant told defendant to stop and defendant choked her until she passed out. When complainant awoke defendant had his arm around her and would not let her go. Defendant's employer called and complainant reached for the phone. Defendant responded by choking her again, but let go when complainant apologized. Defendant and complainant eventually went downstairs. Complainant began to brush her hair for work while defendant heated food. Once defendant's back was turned complainant grabbed her robe and ran out of the house to the vehicle where she had left her keys. She drove to her work and informed her employer of what had happened. Her employer instructed another employee to return home with her. When complainant returned home, defendant was gone. She dressed, called the police and followed a deputy to a hospital where a sexual assault exam was performed. [*People v Clark*, unpublished opinion per curiam of the Court of Appeals, issued June 19, 2014 (Docket No. 313121), pp 1-2.]

A jury convicted defendant for CSC III and domestic violence, and the trial court originally sentenced him to 10 to 15 years' imprisonment for the CSC III conviction and 93 days for the domestic violence conviction. Defendant appealed by right and this Court rejected all of defendant's claims of error except his challenge to the scoring of offense variable (OV) 3, which the panel concluded had been improperly scored, but it determined that resentencing was not required because the guidelines did not change. *Clark*, unpub op at 7. Our Supreme Court reversed in part, and remanded the case to the trial court for resentencing, explaining:

Had Offense Variable (OV) 3, MCL 777.33, not been scored, the correct guidelines range was 84 to 140 months, rather than the range of 87 to 145 months on which the defendant's sentence was based. Therefore, the defendant is entitled to relief under the rationale of *People v Francisco*, 474 Mich 82; 711 NW2d 44 (2006). [*People v Clark*, 498 Mich 858; 865 NW2d 32 (2015).]

At his resentencing hearing, defendant argued that the score for OV 4 (psychological injury to victim), MCL 777.34, should also be reduced to zero because there was insufficient evidence to justify the heightened score. The trial court disagreed, citing the victim's impact statement as justification for the score. The trial court resentenced defendant to concurrent prison terms of 10 to 15 years for the CSC-III conviction and 93 days for the domestic violence conviction, and credited him 356 days on his CSC-III sentence and 93 days (time served) on his domestic violence sentence. Defendant now appeals the trial court's decision regarding the scoring of OV 4, contending that a preponderance of the evidence does not support the trial court's finding that the complainant suffered serious psychological injury.

-2-

## II. ANALYSIS

A preponderance of the evidence must support the trial court's findings of fact, which this Court reviews for clear error. *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646, 648 (2015), citing *People v. Hardy,* 494 Mich 430, 438; 835 NW2d 340 (2013). " 'Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred.' " *People v. Fawaz,* 299 Mich App 55, 60, 829 NW2d 259 (2012), quoting *People v Buie*, 491 Mich 294, 315-316; 817 NW2d 33 (2012). The Court reviews de novo " '[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute . . . .' " *McChester*, 310 Mich App at 358, quoting *Hardy,* 494 Mich at 438. "When calculating the sentencing guidelines, a court may consider all record evidence, including the contents of a PSIR, plea admissions, and testimony presented at a preliminary examination." *McChester*, 310 Mich App at 358.

Offense variable 4 addresses the psychological injury to a victim and directs a sentencing court to assess 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). In a similar context, Michigan's Supreme Court has recently defined "serious" as "having important or dangerous consequences." *People v Calloway*, __ Mich __; __ NW2d __ (2017), slip op at 6.[1] The fact that the victim did not seek professional treatment is not conclusive when scoring the variable; rather, 10 points is to be scored "if the serious psychological injury may require professional treatment." MCL 777.34(2); *People v Lockett*, 295 Mich App 165, 183; 814 NW2d 295 (2012). Nevertheless, "[t]here must be some evidence of [serious] psychological injury on the record to justify a 10-point score." *Lockett*, 295 Mich App at 183. A trial court "may not simply assume that someone in the victim's position would have suffered psychological harm because MCL 777.34 requires that serious psychological injury '*occurred* to a victim.' " *Id*. In the absence of such record evidence, the sentencing court should assess zero points for OV 4. *McChester*, 310 Mich App at 356.

As the Court explained in *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012),

> We have held that evidence that a victim was left feeling "pretty angry," and "try[ing] to block out the memory," of a crime was adequate to uphold an assessment of 10 points under OV 4. *People v Waclawski*, 286 Mich App 634, 681; 780 NW2d 321 (2009). We have also held that evidence that a victim was "fearful during the encounter with [the] defendant" was sufficient to support such a score. *People v Apgar*, 264 Mich App 321, 329; 690 NW2d 312 (2004).

---

[1] The *Calloway* Court defined "serious" in the context of OV 5, which addresses serious psychological injury to a victim's family.

Applying this caselaw to the facts in *Williams*, the Court held that the "victim's statements about feeling angry, hurt, violated, and frightened" supported the sentencing court's assessment of 10 points for OV 4. *Id.*; see also *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014) (10 points properly assessed for OV 4 where the complainant "expressed that she felt confusion, emotional turmoil, anger, guilt, and the inability to trust others"). This Court has also stated that a "victim's expression of fearfulness is enough to satisfy [MCL 774.34(1)(a)]." *People v Davenport (After Remand)*, 286 Mich App 191, 200; 779 NW2d 257 (2009), citing *Apgar*, 264 Mich App at 329; see also *People v Earl*, 297 Mich App 104, 109-110; 822 NW2d 271 (2012) (10 points properly assessed for OV 4 where the victim of a bank robbery was nervous and scared during the robbery and indicated in her victim impact statement that she "suffered from sleeplessness for weeks as a result of [the] defendant's actions, 'relived' the events of the robbery every time she closed her eyes, and now fears being robbed by her bank customers").

By contrast, this Court has deemed it improper to assess 10 points for OV 4 in the absence of record evidence of serious psychological injury, even where a sentencing court might reasonably infer such injury. For example, in concluding that the sentencing court improperly assessed 10 points for OV 4 in *McChester*, 310 Mich App at 358-359, the Court explained:

> While the victim in this case may very well have suffered a serious psychological injury requiring professional treatment or that may have required professional treatment, considering that defendant convincingly acted as if he had a gun and threatened to shoot her, the only information or evidence in the record regarding the victim's psychological state was the PSIR's reference to her being "visibly shaken." The victim's impact statement in the PSIR revealed that "[a]ll attempts to contact the victim ha[d] been unsuccessful." The victim did not present an oral or written statement at sentencing, nor did she testify in any meaningful way at the preliminary examination in regard to her psychological state, which is to be expected given that the focus of the hearing was on the elements of the crime and defendant's involvement. There simply was not a preponderance of evidence establishing that the victim suffered a *serious* psychological injury.

Likewise, in *Lockett*, 295 Mich App at 183, the Court deemed it error to assess 10 points for OV 4 where "[t]here was no testimony indicating that [the victim] suffered a psychological injury, the presentence report contains no information that would indicate any victims suffered psychological harm, and the record does not include a victim-impact statement."

Contrary to defendant's contention on appeal, the instant case more closely resembles those in which this Court has affirmed assessments of 10 points for OV 4 than those in which it has found such assessments improper because they were unsupported by record evidence. The complainant testified that she pleaded with defendant not to force her upstairs, pleaded with him to stop assaulting her anally, and was screaming to such an extent that he began to choke her until she passed out. Such was her fear that, while defendant was in the kitchen, she fled the house wearing nothing but her bathrobe and drove to her place of employment, where she knew defendant could not follow her. The testimony of the complainant's employer that the complainant was "very upset, crying, very upset," corroborated similar testimony from the

complainant. In her victim impact statement, the complainant asked the trial court to give defendant the maximum penalty because she did not want to have to look over her shoulder for him coming for a very long time, and that if the court had not set bail high enough, she fully believed he would have been released and "this day would have never came. One of two things would have happened he would have came [sic] straight after me or ran. So thank you." Her remarks showed an ongoing fear of defendant and her safety. Under Michigan caselaw, being fearful during the encounter is sufficient to support a score of 10 points for OV 4. *Apgar*, 264 Mich App at 329; see also *Davenport (After Remand)*, 286 Mich App at 200 (A "victim's expression of fearfulness is enough to satisfy [MCL 774.34(1)(a)]."). Here, the complainant was fearful of defendant at the time of the encounter and she continued to be fearful of him.

In her victim impact statement, the complainant stated that "[f]or almost 1 year now I haven't been able to move on with my life." She testified at trial and included in her victim impact statement that the assault left her embarrassed, ashamed, and feeling "stupid," and that she relived these emotions during the trial and continues to rethink "everything [defendant] has done to me." The complainant's sense of guilt permeates the victim impact statement, as she blames herself for "believing [defendant's] lies and manipulations" and putting herself and her child in danger. The complainant stated that she wanted to block out the event and "forget about how stupid [she] was to ever believe anything that came out of [defendant's] mouth." Also evident in the complainant's victim impact statement is a sense of anger directed at defendant for his apparent inability to "learn from his mistakes and actions" and to "control his anger," as well as at herself for somehow allowing the assault to happen. Under Michigan caselaw, a victim's continuing feelings of anger and guilt can adequately support an assessment of 10 points for OV 4.[2] See *Armstrong*, 305 Mich App at 247 (the trial court properly assessed 10 points for OV 4 where the complainant "expressed that she felt confusion, emotional turmoil, anger, guilt, and the inability to trust others").

### III. CONCLUSION

We conclude that the trial court did not clearly err in finding that a preponderance of the evidence established that the complainant in this case suffered serious psychological injury that may require professional treatment. *Hardy*, 494 Mich at 438. As indicated above, the complainant was very fearful during the encounter, and her victim impact statement reflects her continuing feelings of fear, anger, and guilt, all of which this Court has found sufficient to support a finding of serious psychological injury sufficient to warrant scoring OV 4 at 10 points. See *Davenport (After Remand)*, 286 Mich App at 200; *Armstrong*, 305 Mich App at 247.

---

[2] Defendant implies that, even if the complainant was fearful during the event, there is no evidence of long-term psychological injury of the type envisioned by the Legislature when it provided for enhanced sentencing for offenses likely to cause lasting consequences, citing as authority for his position the concurring opinion in *McChester*, 310 Mich App at 360-369. However, a concurring opinion is not binding precedent. Further, as we have amply illustrated, the record in this case supports the trial court's finding of serious psychological injury under binding Michigan caselaw.

Further, on de novo review, we conclude that the facts, as found, are adequate to satisfy the scoring conditions prescribed by OV 4, MCL 777.34.  *Hardy*, 494 Mich at 438; *McChester*, 310 Mich App at 358.

Affirmed.


/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Michael J. Kelly