# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JUAN VINCENT BUBER,

      Defendant-Appellant.

UNPUBLISHED
November 7, 2017

No. 333806
Macomb Circuit Court
LC No. 2015-002696-FH

Before: BORRELLO, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the amended sentence for his plea-based conviction of third-degree criminal sexual conduct (CSC), MCL 750.520d(1)(a), for the digital penetration of the daughter (minor victim) of defendant's then girlfriend. Defendant was originally sentenced on December 1, 2015, to 5 to 15 years' imprisonment. The trial court entered an amended judgment of sentence on February 16, 2016, to remove the requirement that defendant be on a lifetime tether. No other change was made. We affirm in part, and remand in part to the lower court for resentencing consistent with this opinion.

## I. FACTS

This case arises from the sexual assault of minor victim by defendant. At the time of these incidents, defendant was 33 years old, and the victim was 14. On June 8, 2015, Connie Hindle, a former neighbor of the victim and her mother, notified police that the victim told Hindle's daughter that she had been "touched by" her mother's boyfriend, defendant, in the pubic region. The victim told Hindle that this had happened multiple times. The victim wrote a letter to her mother (addressed to "Sissy," what the victim calls her mother), saying that defendant touched her, she was scared to be around him, she had looked up to defendant "like a dad," and that as a result of what happened, the victim had resorted to self-harm (cutting her legs). The mother took defendant to the police station later that day. Defendant told the police

---

[1] *People v Buber*, unpublished order of the Court of Appeals, entered September 1, 2016 (Docket No. 333806).

that he was "molesting" his friend's daughter, meaning, he had "touched her inappropriately." Defendant was arrested.

On appeal, defendant argues that offense variable (OV) 4 was scored incorrectly because there is no evidence that minor victim suffered serious psychological injury requiring professional treatment and the trial court improperly relied on minor victim's letter, that OV 10 was scored incorrectly because there was no abuse of authority, and that OV 11 was scored incorrectly because defendant was only charged with one CSC penetration, and minor victim's other allegations do not arise out of the charged offense. We disagree.

## II. STANDARD OF REVIEW

This Court reviews Sixth Amendment challenges to an OV score based on facts that were not admitted by defendant or proven beyond a reasonable doubt to a jury de novo. *People v Stokes*, 312 Mich App 181, 192; 877 NW2d 752 (2015). Pursuant to the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e. the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. at 438. MCL 769.12. "When determining how offense variables should be scored, this Court reads the sentencing guideline statutes as a whole." *People v Bonilla-Machado*, 489 Mich 412, 422; 803 NW2d 217 (2011).

## III. OV 4

OV 4 concerns the psychological injury to the victim of a crime. MCL 777.34. Ten points are assessed under MCL 777.34(1)(a) if the serious psychological injury *may* require professional treatment. MCL 777.34(2). See also *People v Lockett*, 295 Mich App 165, 182-183; 814 NW2d 295 (2012). There must be some evidence of a psychological injury on the record to assess points pursuant to OV 4. *Lockett*, 295 Mich App at 183. However, if a victim expresses fearfulness or anger, this can constitute sufficient evidence of a psychological injury. *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012).

Defendant was assessed 10 points under MCL 777.34(1)(a) for OV 4. Defendant has not demonstrated that OV 4 was scored incorrectly. "The trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt, unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014). In *People v Wellman*, _Mich App_; _NW2d_ (2017), this court held that a victim's statements support a score of 10 points for OV 4 in adherence to the legislative intent. This Court compared OV 4 to OV 5 via *People v Calloway* further allowing statements that infer psychological harm, rather than actually receiving professional treatment as enough to substantiate the statue. In *People v Schrauben*, 314 Mich App 181, 197; 886 NW2d 173 (2016), this Court upheld the trial court's assessment of 10 points for OV 4 based, in part, on a letter from the victim that was discussed in the trial court wherein the victim stated that the past few years had been "a struggle for him psychologically."

"A sentencing court may consider all record evidence before it when calculating the guidelines, including, but not limited to, the contents of the presentence investigation report, admissions made by a defendant during a plea proceeding, or testimony taken at a preliminary examination or trial," as stated by *People v Ratklov (after remand)*, 201 Mich App 123, 125; 505 NW2d 886 (1993). In addition, "[t]he trial court may rely on reasonable inferences arising from the record evidence to sustain the scoring of an offense variable." *People v Earl*, 297 Mich App 104, 109; 822 NW2d 271 (2012), lv gtd 493 Mich 945 (2013).

The record supports the scoring of OVs 4 at 10 points. It includes all of the sexual contact between defendant and minor victim, including the digital penetrations, forcing her to touch his penis, and masturbating on her arm. Although references to minor victims self-harm are not included in the PSIR, it was a reasonable inference for the trial court to make that a minor victim suffered from serious psychological injury due to these sexual contacts that would one day require professional treatment at age 14. Therefore, the trial court did not err when it assessed defendant 10 points pursuant to OV 4, and this score is supported by a preponderance of the evidence.

Furthermore, the trial court did not err in relying on the letter from minor victim to her mother when it denied defendant's motion to rescore the OVs and resentence defendant. On appeal, defendant argued that the trial court erred in relying on the letter when it upheld the score for all three OVs because it was not record evidence and it was not shown to be true by a preponderance of the evidence. However, the letter became a part of the record when the prosecution attached it to its response to defendant's motion. Therefore, it became a part of the record for the trial court to consider when it ruled on defendant's motion.

The victim's letter provides that she was scared to be around defendant after he "touched her," that she had looked up to defendant like a father, and that as a result of defendant's abuse, minor victim resorted to self-harm. The police report indicates that police took photographs of the self-inflicted cuts on minor victim's legs. Although there is no indication that minor victim has sought professional help, this fact is not determinative. *Lockett*, 295 Mich App at 182-183. Therefore, the trial court did not err when it assessed defendant 10 points under OV 4, and continued that scoring on defendant's motion to resentence.

IV. OV 10

OV 10 assesses points for the exploitation of a vulnerable victim. MCL 777.40. OV 10 is scored at 10 points according to the following guideline provided in MCL 777.40(1):

> (b) The offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status ............................................................................................... 10 points

The statute provides that "[t]he mere existence of 1 or more factors described in subsection (1) does not automatically equate with victim vulnerability." MCL 777.40(2). "Exploit" is defined by the statute as "to manipulate a victim for selfish or unethical purposes." MCL 777.40(3)(b); *People v Needham*, 299 Mich App 251, 253; 829 NW2d 329 (2013). "Vulnerability" is defined as "the readily apparent susceptibility of a victim to injury, physical

restraint, persuasion, or temptation." MCL 777.40(3)(c); *Needham*, 299 Mich App at 253. In addition, "abuse of authority status" occurs when "a victim was exploited out of fear or deference to an authority figure, including, but not limited to, a parent, physician, or teacher." MCL 777.40(3)(d); *People v Cannon*, 481 Mich 152, 157; 749 NW2d 257 (2008). Factors to consider in determining whether a victim is vulnerable include:

> (1) the victim's physical disability, (2) the victim's mental disability, (3) the victim's youth or agedness, (4) the existence of a domestic relationship, (5) whether the offender abused his or her authority status, (6) whether the offender exploited a victim by his or her difference in size or strength or both, (7) whether the victim was intoxicated or under the influence of drugs, or (8) whether the victim was asleep or unconscious. [*Cannon*, 481 Mich at 158-159.]

A difference in age between the defendant and the victim demonstrates that the defendant exploited the victim's youth in committing the sexual assault. *People v Johnson*, 474 Mich 96, 103-104; 712 NW2d 703 (2006). In *People v Phillips*, 251 Mich App 100, 109; 649 NW2d 407 (2002), this Court upheld an assessment of 10 points pursuant to OV 10 where the defendant was 67 years old and the victim was 14 years old at the time of the sexual contact and penetration, the victim lived or stayed at the defendant's home, and the defendant was in the process of adopting the victim.

Defendant has not shown that the trial court erred when it assessed him 10 points pursuant to OV 10. Even though Defendant and victim and victim's mother did not have a domestic relationship since they were not related and did not cohabitate, other factors demonstrate that minor victim was, in fact, vulnerable. The victim was only 14 years old at the time of the sexual assault, and defendant was 33. Furthermore, the trial court did not err in upholding defendant's OV 10 score because there is evidence that defendant abused his authority status. As stated above, the trial court properly considered the victim's letter because it became a part of the record when the prosecution attached it to its response to defendant's motion. The letter demonstrates that due to defendant's dating relationship with the victim's mother, the victim looked up to defendant like a father. Defendant abused his authority in that role when he sexually abused the victim. Therefore, the trial court did not err when it assessed defendant 10 points under OV 10, nor did the trial court err when it denied defendant's motion to resentence based on a challenge to OV 10, and this score is supported by a preponderance of the evidence.

## V. OV 11

OV 11 specifically addresses criminal sexual penetration. MCL 777.41. OV 11 is scored according to the following guidelines provided in MCL 777.41(1):

> (a) Two or more criminal sexual penetrations occurred...........................50 points
>
> (b) One criminal sexual penetration occurred.........................................25 points
>
> (c) No criminal sexual penetration occurred.............................................0 points

The court must consider all sexual penetrations of the victim arising out of the sentencing offense pursuant to MCL 777.41(2)(1), but multiple sexual penetrations of the victim by the

offender that extend beyond the sentencing offense are properly scored under OVs 12 or 13. MCL 777.41(a), (b); *Johnson*, 298 Mich App at 131. Separate penetrations for the purposes of OV 11 include vaginal penetration, fellatio, and cunnilingus. *Id.* In this case, the defendant sexually penetrated the victim on "multiple times." However, there is no record evidence to support that any other penetrations occurred on the same day, or any particular dates at all for that matter.

"Arising out of" has been defined by the Michigan Supreme Court as "something that 'springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisen.' " *Id.* at 132, quoting *Johnson*, 474 Mich at 101. No points are assessed for the one penetration that is the basis for a first- or third-degree CSC offense. MCL 777.41(2)(c); *Johnson*, 298 Mich App at 131. When all of the sexual penetrations perpetrated by a defendant against a victim "occur[] at the same place, under the same set of circumstances, and during the same course of conduct," all of the sexual penetrations "unambiguously fall within the scope of 'sexual penetrations of the victim by the offender arising out of the sentencing offense.' " *People v Mutchie*, 251 Mich App 273, 277; 650 NW2d 733 (2002).

We are constrained by the Michigan Supreme Court holding in *Johnson*, 474 Mich 96; 712 N.W.2d 703 that the trial court erred in scoring OV 11. "[T]here [was] no evidence that the penetrations resulted or sprang from each other or that there is more than an incidental connection between the two penetrations." *People v Johnson*, 474 Mich 96, 102; 712 N.W.2d 703. We conclude that because there was no record evidence that the additional sexual penetrations occurred on the same date as the offense of which defendant was convicted, the trial court erred in scoring OV 11 at 50 points.

In this case, the victim told her friend's mother that she was " 'touched by' " defendant in her pubic region, and "that this had happened multiple times." During minor victim's "Care House" interview, she indicated that defendant "had digitally penetrated her [v]agina on multiple occasions and described three separate incidents." The one penetration that is the basis of defendant's third-degree CSC charge is the digital penetration of minor victim that took place on or about June 5, 2016. This penetration would not be scored for the purposes of OV 11. MCL 777.41(2)(c). Furthermore, the other sexual penetrations cannot be scored either since there is no evidence that they arose "out of each other " Therefore, the trial court did err when it assessed defendant 50 points pursuant to OV 11 instead of 0 points, and when it upheld defendant's scoring.[2]

## IV. CONCLUSION

Because we conclude that the trial court erred in scoring OV 11 we remand to the lower court for resentencing. The trial court may, of course, still impose the same sentence on

---

[2] Because MCL 777.43(c) would not allow OV 13 to be scored based on the score given in OV 11, the scoring of OV 13 must be reconsidered. Because this Court has concluded that OV 11 was inappropriately scored, the trial court should assess whether OV 13 should now be scored.

defendant as the guidelines are merely advisory according to *People v Lockridge*, 489 Mich 358; 870 N.W.2d 502.  We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ William B. Murphy
/s/ Amy Ronayne Krause