*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PRESTON FITZGERALD PURNELL,

        Defendant-Appellant.

UNPUBLISHED
December 17, 2020

No. 349201
Kent Circuit Court
LC No. 18-004775-FH

Before: RONAYNE KRAUSE, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

Defendant was convicted by a jury of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(c) (sexual penetration of an incapacitated victim). The trial court sentenced defendant to 5 to 30 years' imprisonment. Defendant appeals the trial court's assessment of 10 points for offense variable (OV) 4 claiming there was insufficient evidence to prove by a preponderance of the evidence that the victim suffered serious psychological injury requiring professional treatment. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

This case arose from defendant's sexual assault of a women while she was incapacitated due to alcohol consumption. At trial, the victim testified that the incident made her "feel like you have to question everybody, you can't be friendly with everybody, no matter who they are." The victim also stated that she felt "like you got to question everything and anybody despite how long you've known them or how long they've been around, you just can't trust anybody." Regarding the effect of the assault on her relationships with her family, the victim testified that "family members [she] was once close to don't even speak anymore. It's like two strangers passing each other. We see each other, just don't speak." When asked if she ever sought counseling after the incident, the victim stated that she did not but agreed that she should have.

The jury found defendant guilty of CSC-III. Before sentencing, the victim told the person preparing defendant's presentence investigation report that she "thought about participating in counseling before, but could never bring herself to do it." Defendant was assessed 10 points for offense variable (OV) 4, and his minimum sentencing guidelines range was 30 to 75 months'

-1-

imprisonment. The trial court sentenced defendant within his guidelines range, and defendant now appeals.

## II. ANALYSIS

Defendant argues on appeal that the trial court erred by assessing 10 points for OV 4 because there was insufficient evidence to prove by a preponderance of the evidence that the victim suffered severe psychological injury requiring professional treatment. According to defendant, OV 4 should have been scored 0 points, thereby reducing his minimum sentencing guidelines range to 24 to 60 months' imprisonment.

The prosecution argues that the trial court correctly scored OV 4. Additionally, the prosecution argues that defendant failed to object to the scoring at sentencing or bring a motion for resentencing or for a remand. As such, the prosecution argues, defendant is precluded from challenging the scoring of OV 4.

"Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.* However, because defendant failed to preserve his challenge the scoring of OV 4 by raising the issue at sentencing, in a motion for resentencing, or in a motion to remand, we review defendant's claim for plain error. *People v Kimble*, 470 Mich 305, 312; 684 NW2d 669 (2004); *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Under plain-error review, the defendant bears the burden to show that an error occurred, it was clear or obvious, and it affected substantial rights. *Carines*, 460 Mich at 763. An error affects substantial rights when it caused prejudice or "affected the outcome of the lower court proceedings." *Id.*

"A trial court determines the sentencing variables by reference to the record, using the standard of preponderance of the evidence." *People v Osantowski*, 481 Mich 103, 111; 748 NW2d 799 (2008). However, when "[t]here was record evidence permitting an inference" that a variable was properly scored, this Court should uphold the trial court's determination of that variable. *People v McFarlane*, 325 Mich App 507, 536; 926 NW2d 339 (2018). A trial court may assess 10 points for OV 4 if the victim suffers a "serious psychological injury" that may require professional treatment. MCL 777.34(1)(a) and (2). The fact that a victim sought treatment may be considered when scoring OV 4, but actual treatment is not required for the assessment of 10 points. *People v Lampe*, 327 Mich App 104, 114; 933 NW2d 314 (2019); see also MCL 777.34(2). Moreover, a victim's statements regarding the impact of the defendant's actions may properly be considered as evidence of a victim's psychological injury when assessing points for OV4. *Lampe*, 327 Mich App at 114.

Although "victims are often obviously, and understandably, frightened when a crime is being perpetrated," this fear by itself does not result in a serious psychological injury sufficient to support a 10-point score for OV 4. *People v White*, 501 Mich 160, 164-165; 905 NW2d 228 (2017). For example, "[t]he trial court may assess 10 points for OV 4 if the victim suffers, among other possible psychological effects, personality changes, anger, fright, or feelings of being hurt,

unsafe, or violated." *People v Armstrong*, 305 Mich App 230, 247; 851 NW2d 856 (2014), as quoted in *Lampe*, 327 Mich App at 114.

In *Lampe*, this Court determined that the psychological effects of defendant's conduct on the victim supported a 10-point score for OV 4 when the victim stated that his personality changed, and he became "angry, afraid, distrustful, defensive, and hypervigilant" following the assault. *Id*. at 114-115. Similarly, this Court has determined that a "victim's statements about feeling angry, hurt, violated, and frightened," *People v Williams*, 298 Mich App 121, 124; 825 NW2d 671 (2012), or about feeling "confusion, emotional turmoil, anger, guilt, and the inability to trust others," *People v Armstrong*, 305 Mich App 230, 247-248; 851 NW2d 856 (2014), also support an assessment of 10 points for OV 4.

At trial, the victim stated that she felt an inability to trust others, even those closest to her, as a result of the sexual assault. The victim's statements regarding the impact of defendant's actions in causing her inability to trust others supported a finding that the victim suffered a psychological injury. See *Lampe*, 327 Mich App at 114-115; *Armstrong*, 305 Mich App at 247-248; *Williams*, 298 Mich App at 124. Additionally, although defendant admitted that she did not attend counseling, she stated that she thought about participating in counseling and believed that she should have sought counseling. Despite the victim's decision not to seek counseling, the fact that she considered counseling as a treatment for her personality change in being unable to trust those around her supports a finding that she suffered a serious psychological injury that could require professional treatment. See *Lampe*, 327 Mich App at 114; *McFarlane*, 325 Mich App at 536. Therefore, the trial court did not err in finding by a preponderance of the evidence, there was sufficient evidence in the record to support a 10-point score for OV 4. Accordingly, we assign no error and defendant is not entitled to relief. See *Osantowski*, 481 Mich at 111; *Carines*, 460 Mich at 763; *McFarlane*, 325 Mich App at 536.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Stephen L. Borrello